**STATE, Plaintiff-Appellee, v AUSBERRY, Defendant-Appellant.**

Ohio Appeals, First District, Butler County.

No. 943.    Decided June 25, 1948.

Paul A. Baden, Hamilton, for plaintiff-appellee.
Casper & Casper, Middletown, for defendant-appellant.

### OPINION

By ROSS, J.:

This is an appeal on questions of law from a judgment of the Juvenile Court of Butler County, Ohio, in which the

defendant was sentenced for violation of the provisions of §1639-45 GC.

An examination of the record requires the conclusion that no error, prejudicial to the defendant-appellant intervened in the trial and conviction of the defendant-appellant.

In the judgment entry of the trial court containing the sentence of the defendant-appellant, it is recited that the defendant-appellant was asked whether she had anything to say why sentence should not be pronounced. The record contained in the Bill of Exceptions, however, shows that the defendant-appellant was sentenced in her absence, and no claim is made that such was not the case. This being true, the mandatory provisions of §13451-1 GC, were ignored and the judgment and sentence of the trial court must be set aside, and the case remanded to the trial court for resentence of the defendant-appellant, but only for such purpose. **Silsby, et al. v State of Ohio, 119 Oh St, 314.**

It is to be noted that §13694 GC, repealed, is now §13451-1 GC, except that the latter section now includes cases where the defendant is found guilty by "the finding of the Court" as well as by the verdict of a jury.

The violation of the provisions of §1639-45 GC, constitutes a misdemeanor. **Stockum v State of Ohio, 106 Oh St, 249.**

In certain cases, a defendant may be tried and sentenced in her absence. **Sec. 13442-10 GC.** However, this defendant-appellant did not request in writing to be so tried. No journal entry appears to such effect. Nor was the defendant-appellant "indicted." She was tried upon an affidavit, charging a violation of §1639-45 GC. In any event, she did not escape or forfeit her recognizance after a jury was sworn. The provisions of §13442-10, GC, therefore have no application to the instant case.

The judgment and sentence of the Juvenile Court of Butler County of this defendant-appellant is, therefore, set aside, vacated, and reversed, and the case is remanded to that Court solely and only for the purpose of sentencing such defendant-appellant, as in the discretion of such Court at that time may seem proper and in conformity to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.