Froessel, J.
On February 25, 1952 relator was arraigned at a term of the Chautauqua County Court on three indictments which accused him of committing the crimes of rape first degree, rape second degree, assault second degree and attempted extortion. Present with retained counsel, relator pleaded not guilty. Between this date and April 14, 1952 relator was incarcerated for some time in the Gowanda State Homeopathic Hospital for the mentally ill (see Mental Hygiene Law, § 60).
On April 14th, on motion of the District Attorney, the charge of rape first degree was reduced to rape second degree. Relator, with his counsel present, then withdrew his former plea, and pleaded guilty to the reduced charge, as well as the other charge of rape second degree and one charge of assault second degree. After his plea was received, relator was sworn, and in the presence of his attorney was asked: “ Have you any legal cause to show why judgment should not now be pronounced? ” Relator answered “ No ”. On the court’s motion, sentence was then deferred for two weeks pending investigation.
On April 28,1952 relator was again in court with his attorney, and the District Attorney moved for imposition of sentence. The court then asked: ‘ ‘ Anything to be said before we proceed? ” Relator’s counsel thereupn stated in open court that he felt that he could ‘ ‘ not honestly, out of fairness to this Court *408 and to the defendant, act as the attorney any longer in the case ”, and asked for an adjournment of sentence so that relator could retain new counsel. According to the clerk’s minutes, the “ Court ruled that in as much as the defendant had plead guilty, to the above charges, and investigation completed, and defendant now before this court for sentence, any further continuance would be futile ”.
Counsel then called the court’s attention to the fact that “ there is also the possibility of the mental condition of the defendant ’ ’, and again asked to withdraw. It is not clear whether he did actually withdraw from the case at this time. However, the clerk’s minutes show that relator’s counsel ‘ ‘ stated in open court that he no longer represented the defendant ” and, in an affidavit made by him in connection with the instant proceedings on June 24, 1954, he stated: “ The Court did not direct deponent to continue as the attorney and deponent believes that his withdrawal was effective before sentence ”. In any event, the court proceeded to sentence relator to 3% to 10 years at hard labor. It is conceded that at no time during these proceedings on April 28, 1952 was relator asked whether he' had any legal cause to show why judgment should not be pronounced against him.
Title IX of part IV of the Code of Criminal Procedure sets forth the provisions relating to the judgment in a criminal proceeding. Section 472 provides: ‘1 The time [for pronouncing-judgment] must be at least two clays after the verdict, if the court intend to remain in session so long, or if not, as remote a time as can reasonably be allowed; but any delay may be waived by the defendant.” (Emphasis supplied.) Section 480, with which we are here concerned, explicitly states: ‘ ‘ When the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him.” (Emphasis supplied.) Section 481 sets forth the causes that may be shown against the judgment: “He [defendant] may show for cause, against the judgment, 1. That he is insane; and if, in the opinion of the court, there be reasonable ground for believing- him to be insane, the question of his insanity must be tried as provided by this Code * * *. 2. That he has good cause to offer, either in arrest of judgment, or for a new trial; in which case the court may, in its discretion, order the judgment to be *409 deferred, and proceed to decide upon the motion in arrest of judgment or for a new trial.’’ Section 482 then states: “If no sufficient cause appear to the court why judgment should not be pronounced, it must thereupon be rendered. Before rendering judgment or pronouncing sentence the court shall cause the defendant’s previous criminal record to be submitted to it, including any reports that may have been made as a result of a mental, psychiatric or physical examination of such person, and may seek any information that will aid the court in determining the proper treatment of such defendant.”
In dismissing the instant writ, the County Court stated that the issue was “ whether the question [required by § 480] must again be asked by the clerk when the time for sentencing was deferred by the court ”, and concluded that there was, in this case, “ a substantial compliance ” with section 480. The Appellate Division, Fourth Department, affirmed without opinion. We do not agree that there was even substantial compliance here.
As far back as 1871, this court held, in Messner v. People (45 N. Y. 1), that the right of a defendant to be asked if he had anything to say why judgment should not be pronounced against him is a “ substantial legal right ’ ’ which can be traced back “ from the earliest history of the common law ” (p. 5). After reviewing this history in New York and England, the court stated (p. 7): “Indeed this [requirement] may be regarded as a part of the trial, as it is an essential prerequisite to an adjudication of the guilt of the prisoner. The court has no more power to dispense with this rule or disregard it than it has any other legal rule, which the wisdom and experience of the ages has found necessary for the protection of the innocent. It may be that the prisoner has sustained no injury from the non-observance of the law in the present case. But that is not the question for this court. That question is whether the record shows that the prisoner has been convicted of murder in the first degree in the mode prescribed by law.” (Emphasis supplied.)
Although this right was formerly only granted to defendants in capital cases (Messner v. People, supra, pp. 6-7), in 1881 the Legislature made this requirement applicable to all felonies (L. 1881, ch. 442, § 480), and this codification of the common law has survived to this day in the same form. As we said in *410 People v. Nesce (201 N. Y. 111, 114): “ The right of a defendant to speak for himself, after conviction in capital cases, is one of substance and should be carefully guarded. It is the last opportunity that the law affords him of speaking for himself and showing cause, if he is able to do so, why judgment should not be pronounced against him. This right, given by the common law and now incorporated into our statute, compels the courts to accord him the privilege and no court has the right to deprive him of it.” (Emphasis supplied.)
More recently the question was presented to this court whether a defendant, who was not asked whether she had anything to say, waived this right by her failure to except to the omission. We held that “ an exception was made unnecessary by the essential nature of the right that was violated” (People v. Craig, 295 N. Y. 116, 120). However, in the Craig case this court did state that it was not passing upon whether this requirement could be waived in cases of noncapital felonies. That question is presented by the instant case, and in our opinion the requirement of section 480 is mandatory and may not be waived.
Section 480 states that “When the defendant appears for judgment ” (emphasis supplied) he must be asked if he has any legal cause against the judgment. In a criminal case the sentence of the court is the judgment (see People v. Cioffi, 1 N Y 2d 70, 72; People v. Shaw, 1 N Y 2d 30, 32; People v. Harcq, 292 N. Y. 321, 326). Thus the mandate of section 480 must be followed at the time defendant appears for sentencing, and at no other time. On this occasion defendant may show that he is insane, or that he has good cause to offer, either in arrest of judgment, or for a new trial (Code Crim. Pro., § 482).
In construing a statute we must take the entire act into consideration (People v. Dethloff, 283 N. Y. 309, 315) and, when the provisions of title IX are read together, it is apparent that the procedure followed when relator was sentenced did not comply with section 480. A plea of guilty is equivalent to a verdict of guilty (People ex rel. Hubert v. Kaiser, 206 N. Y. 46; People v. Dalton, 205 Misc. 755), and section 472 of the Code of Criminal Procedure states that the time for pronouncing judgment “ must be at least two days after the verdict ” (emphasis supplied). Section 482 further requires that before the court pronounce sentence it shall review defendant’s previous record *411 and view any other reports or examinations that may he of aid to it in dealing with him. Thus these sections (Code Crim. Pro., §§ 472, 482) clearly contemplate a delay of at least two days after verdict before sentence can be imposed. The statute provides that the question required by section 480 be asked at the time sentence is pronounced, and not before. The mere fact that the question was asked, along with others, at the time relator pleaded guilty does not vitiate this error, nor does the ambiguous phrase ‘ ‘ Anything to be said before we proceed? ”, uttered at the time when the question required by section 480 should have been asked, satisfy the requirements of this section.
The instant case presents a clear example of the evils section 480 was enacted to prevent. Relator pleaded guilty, but within the next two weeks other things appear to have transpired. On the date set for sentencing, his attorney attempted to, or actually did, withdraw from the case, first, for reasons he could not disclose, and second, intimating that there was a “ possibility of the mental condition of the defendant ” being raised. Insanity is one of the precise grounds set forth in section 481 as a cause against a judgment, and yet relator was denied “ the last opportunity that the law affords him of speaking for himself and showing cause, if he is able to do so, why judgment should not be pronounced against him ” (People v. Nesce, supra, p. 114). So fundamental is this right that was denied relator, that the early cases reversed the judgment of conviction and awarded a new trial (Messner v. People, supra). However, today relator’s sole remedy is to be remanded to the Chautauqua County Court and be resentenced on his plea of guilty (People v. Craig, supra). This request should not be denied him in this case, for we do not agree that “ a substantial compliance ” as claimed here is sufficient to safeguard this fundamental right-given defendants by section 480. To hold otherwise would be to sanction the deprivation of a right which has existed from earliest times.
The County Court, in dismissing the instant writ, stated:
‘ ‘ If the defendant had waived the two day stay and the court had leen prepared to sentence, it would have been entirely proper for the court to impose sentence at the time the vital [criminal] statistics were taken and the question asked.” (Emphasis supplied.) If these contingencies had come to pass, *412 then relator would have been before the court for judgment, and nothing further could transpire. However, relator did not waive the provisions of section 472, which enable the court to be prepared to sentence, and defendant to have time to prepare any objections he might raise when asked if he had any legal cause against the judgment. When relator was asked the question on April 14,1952 he was not appearing for judgment, and therefore section 480 of the Code of Criminal Procedure was not complied with.
The orders appealed from should be reversed and the case remitted to the Chautauqua County Court for further proceedings upon relator’s plea of guilty in accordance with section 480 of the Code of Criminal Procedure.