**COLUMBUS (City), Plaintiff-Appellee, v. SHUFFELT, Defendant-Appellant.**

Common Pleas Court, Franklin County.

No. 194146.   Decided August 23, 1956.

Chalmers P. Wylie, City Atty., Frank A. Reda, Asst. City Atty., for plaintiff-appellee.

Isadore L. Margulis, for defendant-appellant.

## OPINION

By BARTLETT, J.

This case is before this Court on appeal from the Municipal Court of Columbus, Ohio, on questions of law only.  A bill of exceptions was furnished showing fully all that transpired at the trial of the defendant.

The jury returned a verdict of guilty on the charge of operating a motor vehicle while under influence of alcohol.  Thereupon the Court sentenced the defendant to pay a fine of $200.00 and costs; to be imprisoned for ten days; and driver's license suspended until he complies with the State Financial Responsibility Act.

This Court has read carefully the entire record of this case, and we find no prejudicial error in said record, other than the bill of exceptions clearly shows that the opportunity was not afforded the accused personally, to state whether he had anything to say why judgment should not be pronounced against him.

It is mandatory under §2947.05 R. C., that the Court afford the accused the opportunity to so speak.  All reasonable doubts concerning statutory procedure relative to the trial and sentence of accused persons should be resolved in their favor to the same extent that juries are required to resolve all reasonable doubts in their favor in the course of their deliberation.  If the defendant has not been afforded the opportunity in his own behalf before sentence, that opportunity should yet be afforded him. **Silsby v. State, 119 Oh St 314, 317.**

The allocation, defined by Bouvier as "the formal address of the judge to the prisoner, asking him if he has anything to say why sentence should not be pronounced against him," was at common law

indispensably necessary in capital cases, and is now expressly required by the Ohio Code in all Criminal cases. **12 O. Jur. 695.**

This mandatory duty of the Court applies to misdemeanor as well as felony cases, and even where counsel for the accused is presnt. **State v. Ausberry, 83 Oh Ap 514.**

The appeal is sustained; the judgment of the Municipal Court is reversed; and this cause will be remanded to the Municipal Court for re-sentence of the defendant, and for no other purpose.