COLUMBUS (City), Plaintiff-Appellee, v. SHUFFELT, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 5708.   Decided February 4, 1958.

Russell Leach, City Atty., Bernard T. Chupka, City Pros., Columbus, for plaintiff-appellee.

Isadore Margulis, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment rendered upon the verdict of a jury finding the defendant guilty on the charge of operating a motor vehicle while under the influence of intoxicating liquor. Upon appeal to the Common Pleas Court Judge Bartlett found no prejudicial error in the record with the exception that the bill of exceptions showed that an opportunity was not afforded the accused, personally, to state whether he had anything to say why judgment should not be pronounced against him. He was of the opinion that failure to offer the defendant this opportunity was not in accordance with §2947.05, R. C., reversed the judgment and remanded the cause to the Municipal Court for resentence and for no other purpose.

The appellee has filed no cross-appeal to this ruling; hence, the question arises whether or not the judgment of the Court of Common Pleas is prejudicial to any of the rights of the appellant. This judgment is in accordance with the rule of law in *Silsby v. State,* 119 Oh St 314, wherein Judge Marshall says at page 317:

"* * * If the defendants have not been afforded the opportunity to speak in their own behalf before sentence, that opportunity should yet be afforded to them."

The other errors assigned are directed to the sufficiency of the

evidence and the appellant's constitutional rights. As to the latter only the claim is made in the general terms that the verdict and judgment conflict with the defendant's constitutional rights. No specific reference is made to any place in the bill of exceptions wherein these alleged violations occurred and our examination of the same reveal none. The prosecution offered substantial evidence in support of all of the elements of the offense and most of which was denied by the defendant. His testimony was uncorroborated, while that offered by the proescution's witnesses was, in most instances, corroborated.

Although we may not weigh the evidence, if we were permitted to do so we would be compelled to arrive at the same conclusion as the jury.

Therefore, the judgment is not against the manifest weight of the evidence; neither is it contrary to law. We find no prejudicial error in the record, and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.