**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert G. COX, Defendant.**
**No. 20582.**

United States District Court
W. D. Missouri, W. D.

Jan. 26, 1962.

As Amended Feb. 7, 1962.

John Harry Wiggins, Kansas City, Mo., for the United States.

Robert G. Cox, pro se.

GIBSON, District Judge.

Defendant, Robert G. Cox, was indicted, jointly with others, in two counts of a three-count indictment, charging him with violations as follows: in Count One, defendant was charged with violation of Section 2314, Title 18, U.S.C. for receiving stolen goods, valued at more than Five thousand Dollars ($5,000) which were part of an interstate shipment. In Count Two, other defendants, but not defendant, Robert G. Cox, were charged with violating Section 2315, Title 18, U.S.C. for transporting and causing to be transported in interstate commerce, certain goods, valued at more than Five thousand Dollars ($5,000), knowing the same to have been stolen. In Count Three, all defendants were charged with violation of Section 371, Title 18, U.S.C. for conspiring to commit the offenses enumerated in Counts One and Two.

Defendant was duly tried and convicted of both Counts One and Three, and on April 1, 1960 sentence was imposed.

Defendant was sentenced to the custody of the Attorney General for a period of ten years on Count One, and to the custody of the Attorney General for a perod of five years on Count Three, the sentences to run concurrently, for a total of ten years imprisonment. Defendant's conviction was affirmed by the Eighth United States Circuit Court of Appeals. 284 F.2d 704. The United States Supreme Court denied Certiorari. 365 U.S. 863, 81 S.Ct. 831, 5 L.Ed.2d 825. Upon sentencing, defendant elected not to start service thereof pending the determination of the appeal. He is now serving the sentenced imposed, having surrendered himself on or about May 3, 1961, to commence service of sentence.

Defendant has previously moved for vacation of what he alleged was an illegal sentence under both Rule 35, 18 U.S.C.A., and Section 2255, Title 28 U.S.C. Both of these motions were overruled by this Court.

Defendant now again moves this Court to Correct, Set Aside, or Vacate his sentence, pursuant to Rule 35, F.R.Crim.P. In the present motion he alleges that this Court failed to ask him if he had anything to say on his own behalf prior to sentencing, as required by Rule 32(a) and that, therefore, the sentence was illegal within the meaning of Rule 35.

The record in the instant case discloses that, at the time of sentencing of defendant, the following proceedings took place:

"THE COURT: Mr. Graulich (defendant's counsel), do you have a statement?

"MR. GRAULICH: Yes, I have, Your Honor.

[Whereupon, counsel for defendant, among other things, proceeded to bring to the attention of the Court defendant's favorable service record.]

"THE COURT: Well, you have covered the situation, Mr. Graulich, briefly and as tersely as I could do it myself after having the benefit of

these pre-sentence investigations. There is no need for me to go through all that I have in regard to these pre-sentence investigations giving the history of the defendants throughout their lives as best we can ascertain the facts.

"What you say about Mr. Cox is correct * * *. [Whereupon, the Court proceeded to discuss his own personal knowledge of defendant, Cox's, background, and the information contained in the pre-sentence investigation report.] * * * There is nothing in his case that warrants any mitigation of sentence insofar as this court is concerned. He has had the opportunity to demonstrate that he wanted to live within the law if he wanted to, but he doesn't want to.

"So let him be sentenced to ten years in the custody of the Attorney General of the United States on his conviction under Count I of the indictment in this case and five years on Count III of the indictment in this case, to run concurrently. And the only reason I am making them run concurrently is because they are related offenses.

"The defendant Jenshak has—

"MR. COX: Judge, your Honor, may I have something to say?

"THE COURT: Yes, sir.

"MR. COX: I elect not to serve and I request a reasonable bond be set in my case on appeal.

"THE COURT: All right. Then let the bond be set at Ten thousand Dollars ($10,000) and let the record show that the defendant elects not to commence the service of his sentence.

"MR. COX: Thank you.

"THE COURT: And you understand by that, of course, that whatever time you do serve in jail is no credit on your sentence.

"MR. COX: Yes, sir."

This proceeding, defendant contends, failed to meet the requirements of Rule 32(a), which states:

"(a) Sentence. * * * Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

In Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670, defendant Green asserted, by way of Rule 35, that his sentence was illegal because the trial court, at sentencing, had not complied with Rule 32(a). Portions of the opinion in the Green case are quoted as follows:

"* * * after defendant's counsel had completed motions in arrest of judgment and for new trial, the district judge asked, 'Did you want to say something?' whereupon counsel at some length invoked the trial judge's discretionary leniency. * * * [The Court] then pronounced sentence * * *.

* * * * * *

"If Rule 32(a) constitutes an inflexible requirement that the trial judge specifically address the defendant, e. g., 'Do you, the defendant, Theodore Green, have anything to say before I pass sentence?' then what transpired in the present case falls short of the requirement, even assuming that this inadequacy in the circumstances now before us would constitute an error per se rendering the sentence illegal. * * *"

"* * * Taken in the context of its history, there can be little doubt that the drafters of Rule 32(a) intended that the defendant be personally afforded the opportunity to speak before imposition of sentence. * * * We therefore reject the Government's contention that merely affording defendant's counsel the opportunity to speak fulfills the dual role of Rule 32(a). * * *

"However, we do not read the record before us to have denied the defendant the opportunity to which Rule 32(a) entitled him. The single pertinent sentence—the trial judge's question 'Did you want to say something?'—may well have been directed to the defendant and not to his counsel. * * * It may well be that the defendant himself was recognized and sufficiently apprised of his right to speak and chose to exercise this right through his counsel. * * *

"However, to avoid litigation arising out of ambiguous records in order to determine whether the trial judge did address himself to the defendant personally, we think that the problem should be as it readily can be, taken out of the realm of controversy. * * * Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."

The very recent case of Hill v. United States, 82 S.Ct. 468, presented a very similar situation to that asserted by defendant, Cox, in the present case. In the Hill case the judge imposed sentence without asking defendant whether he wished to make a statement in his own behalf. Defendant, Hill, raised by way of Section 2255, Title 28, U.S.C. the same issue that defendant, Cox, raises in the present case by his motion under Rule 35. The Court in the Hill case stated of the Green case:

"Although there was no Court opinion in the Green case, eight members of the Court concurred in the view that Rule 32(a) requires a district judge before imposing sentence to afford every convicted defendant an opportunity personally to speak in his own behalf. There thus remains no doubt as to what the Rule demands."

The Court went on to say that it had granted certiorari solely on the narrow issue of whether the defendant, Hill, could raise his claim under Rule 32(a) in the proceeding which he had brought, i. e., a proceeding to vacate sentence under Section 2255, Title 28, U.S.C. The majority of the Court decided that it could not be raised, and doing so, pointed out that Section 2255 allowed only the raising of matters which are jurisdictional or constitutional in nature, or inherently result in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure; in other words, a matter which is subject to collateral attack.

The Court pointed out that in the Hill case there were no aggravating circumstances, such as "a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed," nor where it is "suggested that in imposing the sentence the District Judge was either misinformed or uninformed as to any relevant circumstances," and that, indeed, there was "no claim that the defendant would have had anything at all to say if he had been formally invited to speak." It should be noted that none of these factors are present in the instant case either.

Defendant, Hill, contended that his motion was more properly a motion to correct an illegal sentence under Rule 35 of the F.R.C.P. The Court stated:

"This is correct. * * * But, as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence. The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself illegally or constitutionally invalid in any other respect."

Thus it would appear that the law provides, when a convicted defendant is denied his right to personally make a statement in his own behalf before sentencing in violation of Rule 32(a), that the error may be raised on appeal, that, in the absence of aggravating circumstances or some error which would render the proceedings subject to collateral attack, the error may not be raised by a motion under Section 2255 or a writ of habeas corpus, and that the error may never be raised under a motion to correct an illegal sentence under Rule 35, as it does not come within the scope of that rule.

Further, there is an additional factor in the instant case which renders defendant's contention even less meritorious. The record shows that defendant, Cox, was present in the courtroom at the time sentence was imposed. His counsel was also present and made a statement in defendant's behalf. While the record does not show that defendant, Cox, was personally asked whether he had anything to say in his behalf before sentence, he did, after sentence was passed and while all parties were still in the courtroom, ask permission to speak and did speak, and while he did not say anything in mitigation of his sentence, the opportunity presented itself, and he could have spoken in his own behalf and any necessary modification of his sentence could have been made at the time. In the case of Hardy v. United States, D.C., 159 F.Supp. 208, affd. 252 F.2d 780, cert. den. 356 U.S. 944, 78 S.Ct. 791, 2 L.Ed. 2d 819, it was held:

> "Defendant also alleges he was not given the opportunity to be heard before sentence was imposed. However, the record shows that defendant immediately thereafter was given the opportunity to speak, and indeed did so. Defendant was still in the presence of and under the control of the Judge and clearly had not commenced to serve his term of imprisonment. The sentence could have been changed. [citation omitted] Having been heard, defendant cannot now rely upon Rule 32(a) of the Rules of Criminal Procedure in alleging he was not heard before the imposition of the sentence."

Thus, it can be seen that even if it were possible to raise this issue by a motion under Rule 35, under the view in the Hardy case, petitioner did have his opportunity to be heard, and his objection would not lie.

Defendant, Cox's motion for vacation, setting aside, or correction of his sentence is denied.

It is so Ordered.