MYREL DYSON *v.* STATE OF MARYLAND

[No. 214, September Term, 1968.]

*Decided April 1, 1969.*

*Louis Peregoff,* with whom were *A. Samuel Peregoff* and *William S. Cooper* on the brief, for appellant.

*John J. Garrity, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Myrel Dyson, the appellant, complains of a conviction of murder in the second degree in the Criminal Court of Baltimore, Judge Paul T. Pitcher presiding without a jury. The trial was conducted upon a not guilty plea after a plea of not guilty by reason of insanity had been withdrawn subsequent to examina-

tion at a mental hospital. The sentence was for a term of thirty years.

The victim, the three year old daughter of Dyson and his wife, died on October 5, 1967 as a result of head injuries which occurred on October 3, 1967. It appears that Myrel Dyson walked his wife to Provident Hospital in Baltimore where she was a charge nurse, and the victim and her fourteen month old brother were left alone at the house. At the time the parties left the house the daughter was in good condition and was eating at the table and the young son was asleep in bed. About 1:00 A.M. Dyson returned to the hospital to tell his wife that the little girl was bleeding badly. On returning home she found the child yelling and screaming and was informed by her husband that when he was shaking the victim on the floor she "hit her head," indicating that he was punishing the child because she did not want to say "grace"; but he directed his wife to state at the hospital that the child had fallen. The admitting doctor, however, directed that the police be notified of a "case of probable child abuse." The wife also testified that Dyson had violently beaten and hit the child an average of twice a week since July of 1966, when the husband returned from military service. She stated that although she had occasionally whipped the child with a belt, her whippings were for the purpose of chastisement and were not violent and were done more to prevent her husband from administering more severe punishment and injuring the child than for any other reason. Medical testimony showed that the child died as a result of a wound on the right side of the head and that there were thirty-two scars on the various parts of the body and an additional two on the forehead. All except the one on the right side of the head had healed. Pictures showing the condition of the body at the time of autopsy were admitted into evidence.

Dyson also testified, claiming that the child had fallen and hit her head when he went to the kitchen to fix some milk for the younger son. He denied that he had told his wife that the child was injured when he was hitting her head on the floor. He stated that when the police came to talk with his wife about the incident he fled the house because he had been previously locked up on December 10, 1966. "Well, I feared jail because I knew they

were not going to believe me. They always take the woman's word."

Dyson complains that the evidence was insufficient to support the conviction. We think, however, that Dyson's admission as to how the injury occurred, his prior severe beatings, his direction to his wife to lie at the time the child was admitted to the hospital, and his flight were entirely sufficient to support the conviction, see *James v. State,* 5 Md. App. 647, 248 A. 2d 910. In absence of justification, excuse or some circumstance of mitigation all homicides are presumed to be committed with malice and to be murder in the second degree. *Davis v. State,* 237 Md. 97, 205 A. 2d 254, *cert. denied,* 86 S. Ct. 402, 382 U. S. 945, 15 L.Ed.2d 354; *Jacobs v. State,* 6 Md. App. 238; *Brown v. State,* 4 Md. App. 261, 267, 242 A. 2d 570; and *Williams v. State,* 2 Md. App. 170, 176, 234 A. 2d 260. There is no evidence here of anything in the nature of justification, excuse or mitigation; therefore, the verdict of guilty as to murder in the second degree is amply supported by the evidence. See *Fabian v. State,* 235 Md. 306, 201 A. 2d 511.

Dyson next complains of the fact that the photographs of the body of the child were introduced into evidence. While the basis of the objection is not entirely clear we have ruled that the admission of photographs is a matter which is in the discretion of the trial judge, *Culver v. State,* 1 Md. App. 406, 230 A. 2d 361 and further, where there is a reasonable basis for the introduction of the pictures the trial judge's discretion will not be disturbed on appeal. *Scott v. State,* 2 Md. App. 705, 708, 237 A. 2d 79. It is clear, of course, that here the pictures served the purpose of demonstrating the extent of the prior beatings. Nor was admission of the photographs (or the testimony of the wife) error because they constituted evidence of other crimes. *Fabian v. State, supra, James v. State, supra.* Although it is well settled that proof of other crimes is not generally admissible to show the commission of the particular crime charged, *Wethington v. State,* 3 Md. App. 237, 238 A. 2d 581, the rule does not apply when the evidence tends to show intent or common scheme, *Kidwell v. State,* 5 Md. App. 105, 245 A. 2d 405.

Finally Dyson contends that he was denied his right of allo-

cution as required by Maryland Rule 761(a) which provides as follows:

"Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall afford an accused or his counsel an opportunity to make a statement and to present information in mitigation of punishment."

At the time of sentencing the following occurred:

"THE COURT: The Court in this case, Indictment No. 4880 of 1967, finds you not guilty of murder in the first degree, guilty of murder in the second degree.

"Mr. Maxwell, if you have no objection, I will pass sentence now and you may make such motions as you desire. Any penalty that I impose at this time would automatically be suspended by virtue of your filing of motions, and I will not be here, as you know, permanently, and for that reason I wish to impose sentence at this time.

"MR. MAXWELL: I may say this for the record, Your Honor, I have discussed the matter of a motion for a new trial with the defendant, and he has instructed me that in the event the Court did find him guilty in this particular case, he did not wish to file motion for a new trial.

"THE COURT: He has that right within three days.

"Myrel Dyson, it is the judgment of the sentence of this Court that you be confined by the Commissioner of Correction for the State of Maryland for a period of thirty years.

"MR. MAXWELL: If the Court please, for the record again, the defendant knows he has the right to file motion for new trial within three days. Again the defendant has been advised of his right to appeal directly to the Maryland Special Court of Appeals, is that correct?

"MR. DYSON: Yes.

"MR. MAXWELL: Okay, you say you would like to appeal.

"THE COURT: His rights will be preserved.

"MR. MAXWELL: Thirdly, if Your Honor please, the defendant has been advised of his right to file motion for review of sentence within thirty days from this date, and he is further advised if he files such motion, the sentence will be reviewed by three judges, and the sentence could be increased to any degrees by this panel of three judges.

"Do you understand that, Mr. Dyson?

"MR. DYSON: Yes."

While we do not think the trial judge complied with the spirit of Maryland Rule 761(a) we do not think the error is reversible. It is noted: (1) that Dyson's counsel was requested to state any objections he had to sentence being imposed and replied that he had none; (2) neither counsel nor Dyson was prevented from speaking; (3) it is not suggested that the trial judge was in any way misinformed; (4) it is not alleged that Dyson would have said anything, if asked; and (5) there is no aggravating circumstance. See *Robinson v. Warden,* 242 Md. 171, 218 A.2d 217 and *Dutton v. State,* 123 Md. 373, 91 A. 417. See also the excellent discussion of Federal Rule 32A in 5 Orfield *Criminal Procedure* § 3210 which is similar to Maryland Rule 761(a). It is also noted that the appellant exercised his right to apply for review of sentence as set out in Md. Code, Art. 26, §§ 132-38.

*Judgment affirmed.*