CITY OF COLUMBUS, APPELLEE, *v.* HERRELL, APPELLANT.

[Cite as Columbus v. Herrell, 18 Ohio App. 2d 149.]

150

(No. 9332—Decided May 13, 1969.)

*Mr. John C. Young,* city attorney, *Mr. Thomas S. Er-lenbach,* and *Mr. Thomas H. Bainbridge,* for appellee.
*Mr. L. M. Gwynn,* for appellant.

LEACH, J. In a trial to the court without a jury, defendant was found guilty in the Franklin County Municipal Court of assault and battery and of resisting arrest, and sentences were imposed.

In his appeal to this court, defendant assigns three errors: (1) that the trial court "erred in not giving the defendant a chance to make a statement before the decision and judgment of the court was rendered," (2) that the judgment is contrary to law and (3) that the judgment is not supported by evidence beyond a reasonable doubt.

An examination of the bill of exceptions reveals that the judgments of conviction are fully supported by the evidence. The question of credibility, as it relates to the conflicts of testimony between that given by the defendant on the one hand and that given by his wife (the object of the assault and battery) and the policeman on the other

hand, is a matter for determination by the trial court, as the trier of the fact. The third assignment of error, therefore, is overruled.

The assertion, in the second assignment of error, that the "judgment is contrary to law" appears to be limited to the judgment of conviction for resisting arrest. In the first brief filed by counsel for defendant in this court, it was claimed that under the provisions of Section 2935.03, Revised Code, a police officer could only arrest for a misdemeanor committed in his presence, and that since the actions of the defendant in committing assault and battery on his wife had ceased by the time the police arrived, the arrest for assault and battery was illegal and, the arrest being illegal, defendant had the right to physically resist any attempt at arrest, and thus would not be guilty of resisting arrest. See *Columbus* v. *Holmes* (1958), 107 Ohio App. 391 (affirmed 169 Ohio St. 251).

Prior to December 13, 1967, Section 2935.03, Revised Code, read, so far as applicable to the powers and duties of a police officer:

"A sheriff, deputy sheriff, marshal, deputy marshal, watchman, or police officer shall arrest and detain a person found violating the law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained."

Effective December 13, 1967, such statute was amended and now provides:

"A sheriff, deputy sheriff, marshal, deputy marshal, or police officer shall arrest and detain a person found violating the law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained.

"When there has been a violation or there is reasonable ground to believe that there has been a violation of Section 2901.25 [assault and battery, and menacing threats], 2907.20 [larceny], 2909.12 [throwing or shooting at trains or vessels], insofar [as] it relates to shooting at trains, motor vehicles, or vessels, or Section 2923.01 of the Revised Code [carrying of concealed wapons], or of any ordinance of a municipal corporation which substan-

tially incorporates any offense contained in such chapters or section, a sheriff, deputy sheriff, marshal, deputy marshal, or police officer may arrest without a warrant any person whom he has reasonable cause to believe is guilty of the violation, and detain him until a warrant can be obtained."

Under the facts in this case it would appear that the police officers had "reasonable cause" to believe defendant guilty of assault and battery. Such "reasonable cause" is supported not only by the story which the wife told to the police upon their arrival, but also by the physical evidence, including the appearance of the wife.

Thus it is clear that under the provisions of Section 2935.03, Revised Code, as amended, the arrest for assault and battery was lawful, and, thus, within the reasoning of the *Holmes case,* defendant had no right to resist such arrest.

In his reply brief and in oral argument, counsel for defendant asserts that, to the extent that the amendment of Section 2935.03, Revised Code, authorizes an arrest for a misdemeanor not actually committed in the presence of the officer, it is unconstitutional. The cases cited in support of this proposition are distinguishable, since they involve situations where there was a lack of probable cause.

Under the common law a conservator of the peace only had authority to make an arrest without a warrant for a misdemeanor in cases where such was not only committed in his presence but also involved a "breach of the peace." As to a felony, however, he had authority to make an arrest when he believed on reasonable grounds that the person arrested had commtted such felony. 5 American Jurisprudence 2d 715, 717; 6 Corpus Juris Secundum 587, 589.

Later, the common law was modified by statute in most states, including Ohio, to authorize the arrest for a misdemeanor committed in the officer's presence, independently of whether it involved a "breach of the peace." This was the status of the Ohio law on this subject matter prior to the amendment of Section 2935.03, Revised Code, effective December 13, 1967.

We know of no constitutional inhibition against the further modification of the common-law rule by legislative enactment. So long as such a statute contains a requirement of "probable cause," there is no constitutional requirement that a distinction be made between the power to arrest by a peace officer in misdemeanors as distinguished from felonies. See *Rickards* v. *State* (1950), 45 Del. 573, 77 A. 2d 199.

As a matter of *constitutional* law, the only applicable provisions are those of Section 14, Article I of the Ohio Constitution and the Fourth Amendment of the United States Constitution, prohibiting not only unreasonable searches but also unreasonable *seizures*. That the language of the Fourth Amendment applies to arrests as well as to searches has been established by *Giordenello* v. *United States* (1958), 357 U. S. 480, 2 L. Ed. 2d 1503, 78 S. Ct. 1245, and *Beck* v. *Ohio* (1964), 379 U. S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223. It is clear from these cases that the requirement of "probable cause" for arrest is applicable to both misdemeanors and to felonies. Section 2935.03, Revised Code, as amended, requires "reasonable ground to believe" and "reasonable cause," these terms being synonymous with the constitutional requirement of "probable cause." So long as these constitutional requirements are met, and here there is no claim made that they were not, we think it clear that the Legislature may modify or even abandon the common-law distinctions between misdemeanors and felonies, so far as the power of arrest by a peace officer be concerned. For these reasons we conclude that Section 2935.03, Revised Code, as amended is constitutional.

From an examination of the bill of exceptions herein, it appears that the trial judge, after announcing his decision of guilt, inquired only of the prosecutor as to any prior record of the defendant, and did not at any time follow the requirements of Section 2947.05, Revised Code, that before sentence is pronounced the defendant *must* be informed by the court of the finding of the court and asked whether he has anything to say as to why judgment should not be pronounced against him. This statute impos-

**154**

es a *mandatory duty*, but where the record shows that it was not followed and where this is the only error in the record, the finding of guilt is not reversed but instead the cause is remanded to the trial court for the *sole purpose of resentence. Silsby* v. *State* (1928), 119 Ohio St. 314.

The requirements of Section 2947.05, Revised Code, are applicable, not only to felonies, but also to misdemeanors. *Columbus* v. *Shuffelt* (1956), 73 Ohio Law Abs. 523 (Common Pleas), 80 Ohio Law Abs. 388 (Court of Appeals); *State* v. *Ausberry* (1948), 83 Ohio App. 514.

For the reasons stated assignments of error numbers two and three are overruled and the judgments of conviction are affirmed. Assignment of error number one is sustained and for this reason the cause is remanded to the Franklin County Municipal Court for resentencing after compliance with the requirements of Section 2947.05, Revised Code.

*Judgment accordingly.*

Troop and Strausbaugh, JJ., concur.