## JOHN HAMILTON BRYSON, III *v.* STATE OF MARYLAND

[No. 440, September Term, 1968.]

*Decided June 30, 1969.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Bruce R. Harrison* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur*

*A. Marshall, Jr., State's Attorney for Prince George's County,* and *E. Allen Shephard, Jr., Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

John Hamilton Bryson, III, the appellant, was convicted of grand larceny in the Circuit Court for Prince George's County. Judge Ernest A. Loveless, Jr. presiding without a jury, accepted Bryson's plea of guilty and sentenced him to a term of ten years. Bryson contends that it was error for the court, in determining the sentence, to receive uncorroborated statements to the effect that he had committed other offenses; that it was error for the lower court to sentence him for heroin addiction; and that the sentence constituted cruel and unusual punishment because he was a drug addict.

At his trial, the appellant, pleaded guilty to grand larceny; he was examined by the trial judge who accepted the plea as voluntary. The State then gave a brief recital of the facts stating that the appellant freely admitted his complicity in the crime charged and also admitted that he had committed thirty-seven other burglaries and larcenies to feed his drug addiction habit. He had no prior record of convictions.

The appellant relies on *Baker v. State,* 3 Md. App. 251, 238 A. 2d 561 wherein this Court remanded the case for the purpose of redetermination of the sentences imposed by the trial judge because it appeared that the judge was not actually sentencing Baker for the crime charged but also for the other numerous crimes that had been committed in the vicinity where Baker had been arrested. In *Baker, supra,* the trial judge speculated that Baker had committed numerous other crimes for which he had not been caught, but that case can be distinguished in that the State's Attorney here was merely giving a recital of the facts and stated that the appellant also admitted that he had committed the other crimes. There was no specu-

lation that he may have committed other crimes, and although the statement was given in the appellant's presence, there was no denial or objection to the statement.

The imposition of a sentence in a criminal trial is a matter that is peculiarly within the province of the trial judge, *Gee v. State,* 2 Md. App. 61, 233 A. 2d 336. The trial judge is not limited by strict rules of evidence in his presentence investigation, which includes examination of the person's reputation, past offenses, habits, health, and the like, *Baker v. State, supra* at 257. It is clear from reading the transcript that the judge was not sentencing the appellant for his drug addiction, but for the grand larceny, although he did, quite properly, consider the drug addiction in fixing sentence.

Since no ill will, passion or prejudice or any other unworthy motive was shown on the part of the trial judge, sentence is not reviewable on appeal. *Washington v. State,* 2 Md. App. 633, 634, 236 A. 2d 32. It is noted that the trial judge could have imposed the maximum sentence of fifteen years, Md. Code, Art. 27, § 340.

*Judgment affirmed.*