## VINCENT BROWN *v.* STATE OF MARYLAND

[No. 91, September Term, 1970.]

*Decided January 25, 1971.*

---

28

The cause was argued before ORTH, THOMPSON, and POWERS, JJ.

*Richard S. Kahn* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Arthur Cheslock, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Vincent Brown, the appellant, pled guilty to daytime housebreaking before Judge Paul A. Dorf in the Criminal Court of Baltimore, who imposed a sentence of five years.

Brown contends the guilty plea should not have been accepted since the facts supporting it were presented to the court after the plea was accepted instead of before. While this Court has expressed the desirability of having the facts presented prior to the acceptance of the plea, the failure to do so is not a reversible error. *McCall v. State,* 9 Md. App. 191, 200, 263 A.2d 19 so indicated. See, however, *Williams v. State,* 10 Md. App. 570, 271 A. 2d 777 (1970).

Brown contends that he did not agree to the facts as presented. The facts supporting his guilt were presented by the Assistant State's Attorney in a stipulation, in the presence of Brown and his counsel. Neither appellant nor

his counsel indicated any objection to the stipulation which described his guilt; Brown affirmatively stated previously he understood that he could, if he wished, require the State to produce witnesses against him. This contention is without merit. See the recent case of *North Carolina v. Alford,* 400 U. S. 25, 91 S. Ct. 160, 27 L.Ed.2d 162 where the Supreme Court held an accused did not need to assent to the factual basis of the crime if the State produced a strong factual basis for the guilt.

Brown next contends he had no understanding of the charges against him. He was at the time of trial a twenty-three year old male who had completed the eleventh grade in high school; he was not under any psychological impairments nor under the influence of drugs or alcohol. Given the self-explanatory nature of a daytime housebreaking, the maturity and alertness of appellant, the trial court's solicitous attitude toward the protection of the defendant, and the presence of counsel, we have no difficulty in finding the defendant understood the charge.

Brown also argues he did not know he had a right to confront his accusers and thus did not waive it, citing *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274. The trial judge explained to defendant that he was under no obligation to plead guilty, that he could demand a trial by jury or court, in which the State would have to present witnesses and evidence to show his guilt beyond a reasonable doubt, and that appellant would have the full right to cross-examine all of these witnesses. Thus, there is no factual foundation to the contention.

Lastly, appellant contends he was denied his right of allocution. The record indicates this contention to be supported factually since the trial judge found guilt and immediately pronounced sentence without affording appellant or his counsel the right to argue in mitigation of sentence.

At common law, prior to imposition of sentence, the trial judge was required to call upon the accused personally to show cause why sentence should not be imposed, although there is some dispute about its application to

noncapital cases. Blackstone, *Commentaries* (Gavit Edition) at 919, 96 A.L.R.2d 1292, 1295, *Ball v. United States,* 140 U. S. 118, 11 S. Ct. 761, 35 L. Ed. 377, *Schwab v. Berggren,* 143 U. S. 442, 12 S. Ct. 525, 36 L. Ed. 218. The logic behind the mandatory requirement of allocution was that since, at the time the rule was enunciated, the defendant could not testify at this trial, allocution was his only time to address the court.

Maryland's application of the common law rule on allocution differed slightly from the older rule. In Maryland, allocution, while not mandatory, was held to be the better practice in offenses punishable by death or imprisonment in the penitentiary. Prejudice to the defendant was required before any remedy was available. *Dutton v. State,* 123 Md. 373, 91 A. 417, *Farrell v. State,* 213 Md. 348, 131 A. 2d 863.

The Maryland Rules of Procedure were amended in 1962 to include a requirement of allocution. Md. Rule 761 a reads:

> "a. Sentence.
> "Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall afford an accused or his counsel an opportunity to make a statement and to present information in mitigation of punishment."

If the rule were intended to allow inquiry at the discretion of the court, then other wording could have been employed instead of the mandatory "shall afford." Other State authority also indicates that there is a mandatory responsibility to allow allocution when required by statutory authority or by rule of court. *Brooks v. State,* 173 So. 869 (Ala. S. Ct., 1937); *Simmons v. State,* 218 So. 2d 159 (Ala. Ct. App., 1969); *People v. Swift,* 34 P. 2d 1041 (Cal. Dist. Ct. App., 1934); *People v. Hawthorne,* 146 P. 2d 517 (Cal. Dist. Ct. App., 1944); *State v. Turpin,* 61 S.W.2d 945 (Mo. S. Ct., 1933); *Silsby v. State,* 119 Ohio St. 314, 164 N. E. 232 (Ohio St. Ct., 1928). Although allocution in Maryland was discretionary before

Rule 761a, it appears the Rule indicates a departure from the past by divesting the trial judge of his discretion not to inquire.

The importance and mandatory nature of allocution is clear when it is compared to argument by counsel before verdict, the denial of which has been held by this Court to require a reversal of the conviction. *Moore v. State,* 7 Md. App. 330, 254 A. 2d 717, citing *Yopps v. State,* 228 Md. 204, 178 A. 2d 879. These cases held that no matter how simple, clear, unimpeached and conclusive the evidence appears against the accused, he still has a right to argument through counsel, since that argument is a part of the right to effective counsel. The lack of such argument is manifestly prejudicial to the right to effective counsel. Although the argument may be waived, the presumption is against such waiver and waiver will not be found in a silent record.

Although Md. Rule 761a has been extant for several years, the few cases interpreting it provide no controlling precedent for the instant case. In most of the cases raising alleged violations, the contention has been found without factual basis, e.g., *Jackson v. State,* 8 Md. App. 260, 259 A. 2d 587; *Dyson v. State,* 6 Md. App. 453, 251 A. 2d 606; *Jordan v. State,* 5 Md. App. 520, 248 A. 2d 410; *Turner v. State,* 5 Md. App. 584, 248 A. 2d 801. It has been established, however, that violation is not grounds for post conviction relief, *Robinson v. Warden,* 242 Md. 171, 218 A. 2d 217. Also see *Hill v. United States,* 368 U. S. 424, 82 S. Ct. 468, 7 L.Ed.2d 417. Thus, Maryland cases have not defined the application, required wording, timing, or the effect of a violation.

The requirement of allocution as embodied in Rule 761a contains no caveats to limit its application, thereby indicating a broad application is intended. The long history of the requirement of allocution (which has been traced to 1689, *Green v. United States,* 365 U. S. 301, 81 S. Ct. 653, 5 L.Ed.2d 670), and the importance of the Rule (as an opportunity for counsel or accused to argue as an advocate for the accused's case and refute whatever factors

may be presented by the State concerning sentence) encourage broad application. Further, the importance of the sentence itself to the accused cannot be overlooked, especially in the instant case involving a guilty plea. Even without a guilty plea, the high percentage of convictions in criminal prosecutions indicates that quite possibly the most contested aspect of the trial is the sentence. For these reasons, the proper application of Rule 761a includes all criminal trials, capital and noncapital cases, felonies and misdemeanors, jury and nonjury trials as well as guilty and nonguilty pleas.

As to the specific wording of the trial court's inquiry, this Court has not decided what exact words the trial court must employ to satisfy Rule 761a. However, wording other than the exact wording of the Rule may satisfy its requirement, although violating the spirit of the Rule. In *Dyson v. State, supra,* the Rule was complied with in letter although not in spirit, when the trial court indicated it would impose sentence if there was no objection. Such casual wording as in *Dyson, supra,* may be tolerated by this Court, but in view of the mandatory requirements of the Rule, clearly the better course is specifically to indicate to the accused the right to speak and to present information in mitigation of punishment.

Other states which have requirements of allocution are apparently even more demanding than this Court as to the specificity of the wording. See *Ohio v. Baker,* 177 N.E.2d 348 ("Do you have anything to say?" held insufficient); *City of Columbus v. Shuffelt,* 139 N.E.2d 488, affirmed 159 N.E.2d 238 ("Do you have anything to say?" held insufficient), *People ex rel. Miller v. Martin,* 1 N.Y.2d 406, 135 N.E.2d 711 ("Anything to be said before we proceed?" held insufficient); c.f. *Green v. United States, supra,* 81 S. Ct. at 655 ("Do you want to say something?" tolerated by a plurality of the justices). It does not appear to be an undue imposition on judicial resources to require trial judges when informing an accused of his right to allocution to inform him of the content of the Rule.

The weight of authority indicates, and we agree, that the proper remedy after the omission of allocution is to remand the case for resentencing with the proper formalities. 96 A.L.R.2d at 1337, 5 Wharton, *Criminal Law & Procedure*, § 2181 (Anderson Ed.), 24 C.J.S. Criminal Law, § 1556. The remedy of resentencing with proper formalities is an adequate remedy since obviously the omission of argument directed at mitigation of sentence cannot affect the accuracy of the determination of guilt.

From what we have said, it is apparent we strongly disapprove of the failure to grant the right of allocution before sentencing as required by Md. Rule 761a instead of after sentencing. On the facts of this particular case we will, however, hold the error harmless. *Keffer v. State,* 73 P. 556 (Wyo. S. Ct., 1903) ; *State ex rel. Krahn v. Tahash,* 274 Minn. 567, 144 N.W.2d 262; *Hardy v. United States,* 159 F. Supp. 208 (U.S.D.C., N. Y., 1957) ; *United States v. Cox,* 29 F.R.D. 475 (U.S.D.C. Mo., 1962). 5 Wharton, *supra.* See, however, *People ex rel Miller v. Martin, supra, New Jersey v. Laird,* 85 N. J. Super. 170, 204 A. 2d 220, *O'Dell v. United States,* 221 A. 2d 443 (1966). The trial judge immediately after sentence allowed counsel to make argument in mitigation of sentence and the record shows the judge gave careful consideration to each of the factors presented by counsel and explained that in imposing the sentence he gave consideration to the fact that the record showed the accused to be guilty of other crimes which were stetted by the State. Compare *Turner v. State,* 5 Md. App. 332, 247 A. 2d 412 and *Bryson v. State,* 7 Md. App. 353, 255 A. 2d 469 with *Baker v. State,* 3 Md. App. 251, 238 A. 2d 561. In making this holding, we emphasize that we do not consider argument after sentence as being equal to argument made prior thereto. It may be an empty gesture. We affirm only on the particular facts which show a complete absence of prejudice.

*Judgment affirmed.*