IN RE APPEAL NO. 1327, SEPTEMBER TERM, 1975 FROM THE
DISTRICT COURT OF MONTGOMERY COUNTY, SITTING
AS A JUVENILE COURT

[No. 1327, September Term, 1975.]

*Decided July 30, 1976.*

The cause was argued before FREDERICK J. SINGLEY, JR.,
and MARVIN H. SMITH, Associate Judges of the Court of
Appeals and DAVID ROSS, Associate Judge of the Eighth
Judicial Circuit, all specially assigned.

*William G. Simmons, Assigned Public Defender,* with
whom was *Alan D. Massengill, Assigned Public Defender,*
on the brief, for appellant.

*Henry E. Dugan, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Andrew L. Sonner, State's Attorney for Montgomery County,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

It was alleged in this juvenile proceeding that the juvenile assaulted an adult with a baseball bat. The altercation took place on a neighboring vacant lot when the victim allegedly was unhappy after a baseball had dented his car and he made his objections known.

The juvenile here contends (1) that the juvenile judge "erred by disposing of this matter solely on the basis of the offense charged without regard to the Juvenile's rehabilitative needs, and in so doing abused [his] discretion," and (2) that the evidence presented was insufficient to sustain the finding that he was a delinquent child.

Taking the contentions in inverse order, we conclude upon a review of the record that the trial judge did not err in finding this individual to be a delinquent. Maryland Rule 1086 is applicable. The juvenile suggests that "[u]nknowingly, the Court's own comments at the end of the State's case summarized why, as a matter of law, the Court erred in finding that the Appellant committed a delinquent act," pointing out that the trial judge stated, "I would say a person would have a right to hit somebody with a baseball bat if it was his property. He could use reasonable force to remove a trespasser." He then goes on to fashion an argument based upon trespass as well as self-defense. The trial judge in his final opinion said that he was "totally unable to accept that this [was] a matter of self-defense." Judge McWilliams pointed out for the Court of Appeals in *Racine v. Wheeler,* 245 Md. 139, 144, 225 A. 2d 444 (1967), that a "jury is free to believe only a portion of the evidence of each side" and that "the synthesis apparently accomplished by the jury [in that case was] simply a manifestation of its obvious function." As it was put in

*Phelps v. Goldberg,* 270 Md. 694, 705, 313 A. 2d 683 (1974), "It is elementary that the trier of fact is not obliged to believe all that he or it hears." There clearly was sufficient evidence before the trier of fact for him to conclude that this young man improperly struck the complaining witness with a baseball bat and thus was a delinquent child, a term defined by Maryland Code (1974, 1975 Cum. Supp.) § 3-801 (j) Courts and Judicial Proceedings Article as "a child who has committed a delinquent act and requires guidance, treatment, or rehabilitation." Subsection (i) of the same section defines "delinquent act" as "an act which would be a crime if committed by an adult."

At the final disposition hearing counsel for the juvenile stated that he "ha[d] . . . in the courtroom three witnesses and [he] w[ould] proffer as to their testimony . . . if the Court so desire[d]," which he then proceeded to do. The transcript of that disposition hearing is far from satisfactory in its quality, having numerous references to inaudibility. It covers approximately three and three-quarter pages. The trial judge said in his disposition:

> "Court: Court feels more strongly about it than either the State or Attorney. This is INAUDIBLE have notes recall the testimony. Man was struck on the head as he was turning away INAUDIBLE could have been a fatality. This is a incident . . . . He asked for the bat. Struck Mr. Taylor's head and body. I think incidation [sic] of lack of concern. I feel that removal from the community is mandatory. Program of treatment and rehabilitation at the Maryland Training School for Boys for period going to be determined by his progress."

He signed an order committing the juvenile to the Maryland Training School for Boys. The reasons given in the order were:

> "WHEREAS, [the juvenile], the respondent in the above-entitled cause, has been adjudged a delinquent child and was placed under the

jurisdiction of this Court at an adjudicatory hearing duly held on the 13th day of November, A.D., 1975; and this cause having come on for disposition at a hearing duly scheduled on notice to all parties; and the testimony of witnesses and argument having been heard; and the Court having considered the respondent's age and the Court Report made to assist the Court to determine a proper disposition; the availability and respondent's amenability to treatment, training and a program of rehabilitation best suited to the physical, mental and moral welfare of the respondent consistent with the public interest; the nature of the offense alleged to have been committed or participated in by the respondent; and the public safety; and it appearing to the Court that the best interests of both the respondent and the public would be served by removing the respondent from his present environment."

Rule 915 b requires "[i]f the disposition hearing is conducted by a judge, and his order includes placement of the child outside his home, the judge shall announce and dictate to the court stenographer or reporter, or prepare and file with the clerk, a brief statement of the reasons why such placement is necessary." The State conceded at oral argument before us that the trial judge had failed to comply with this rule. Subsequent to passage of the commitment order counsel for the juvenile filed a three page motion "to revise sentence" citing, among other things, the background of the individual and that "the State's Attorney pointed out to the Court that it would be in the public interest to enforce [sic] a suspended sentence." In his memorandum of points and authorities he reminded the court that under Code (1974, 1975 Cum. Supp.) § 3-820 (b) 1, Courts and Judicial Proceedings Article, "the Court c[ould] place the Respondent under the guardianship of a relative, or other fit person, upon terms the Court deems appropriate." He did not, however, refer to this rule. The court's order on this motion went no further than to say that it found "that the program

of treatment, care and rehabilitation at the Maryland Training School for Boys, as previously Ordered by th[at] Court on December 12, 1975, is in the best interests and welfare of [the juvenile], child, and is consistent with the public interest . . . ."

When the Court of Appeals adopted Maryland Rule 915 b it expected, desired, and required by way of *reasons* for placement of a child outside his home something more than the perfunctory statements in the court's summary and order of December 12 and its order of January 2.

> *Judgment affirmed; commitment to the Maryland Training School for Boys vacated and case remanded to the District Court of Maryland for Montgomery County for further proceedings consistent with this opinion; Montgomery County to pay the costs.*