**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bruce Loren LATIMER,
Defendant-Appellant.**

No. 75–1769.

United States Court of Appeals,
Tenth Circuit.

Submitted Oct. 15, 1976.

Decided Jan. 17, 1977.

Rodney G. Snow, Asst. U. S. Atty., Denver, Colo. (Ramon M. Child, U. S. Atty., Salt Lake City, Utah, on the brief), for plaintiff-appellee.

Dean R. Mitchell of Mitchell & Dahl, Salt Lake City, Utah, for defendant-appellant.

Before BARRETT, BREITENSTEIN and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Bruce Loren Latimer (Latimer) appeals his jury conviction of bank robbery in violation of 18 U.S.C.A. § 2113(a).

Latimer was initially charged with the bank robbery involved herein[1] on April 2, 1973, arraigned on July 26, 1973, and tried and convicted by a jury on March 12, 1974. Upon appeal this Court reversed and remanded. *United States v. Latimer*, 511 F.2d 498 (10th Cir. 1975). Our mandate to the district court was filed April 24, 1975. Latimer was retried and again convicted by a jury on October 14, 1975. This appeal is taken therefrom. We set forth the facts and circumstances of this case in detail in *United States v. Latimer, supra.* Reference to them in this opinion will be limited to the disposition of the issues on appeal.

On appeal Latimer contends that (1) he was denied the right to a speedy trial; (2) the court erroneously examined a key defense witness; (3) the court erred in not allowing him or his counsel allocution be-

---

1. Not involved in this appeal are the five bank robberies to which Latimer pled guilty in 1967.

fore sentencing; and (4) the court erred in imposing a sentence in excess of that imposed following his first conviction and in crediting him with incarcerated time previously served.

## I.

Latimer contends that he was denied his right to a speedy trial in violation of the Sixth Amendment to the Constitution of the United States. Prior to trial Latimer moved to dismiss for denial of speedy trial. He alleged, *inter alia*:

> There has been a passage, just from the last mandate being filed, of 5½ months, your Honor. In the meantime, the defendant spent 14½ months in prison from March until May of 1975. In total, your Honor, it has been approximately two years and five months since the date that the defendant was alleged to have committed this crime before he is here before this court again.

> I respectfully move the court to dismiss on denial of speedy trial.

> THE COURT: You have made no statement whatsoever with respect to whether you have lost any witnesses or whether you were injured in your preparation of the case in any way.

We hold that the court did not err in denying Latimer's motion to dismiss for denial of a speedy trial. Latimer utterly fails to establish that the delay prejudiced his trial in any manner. He simply conjectures that "the memories of witnesses for the defense and the prosecution would not be as fresh and the prosecution witnesses' identification would simply 'fix' on the defendant in the courtroom." Significantly, Latimer did not assert his right or make demand for a speedy trial with any degree of force. Our prior consideration of this issue in *United States v. Latimer, supra,* remains viable and dispositive here:

> The Supreme Court has adopted a balancing test to resolve speedy trial questions in which the conduct of both the prosecution and the defendant are weighed. *Barker v. Wingo, supra,* 407 U.S. 514, at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. The Court identified four factors which must be considered: the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530, 92 S.Ct. 2182; *see United States v. Spoonhunter,* 476 F.2d 1050, 1057 (10th Cir.). The factor of prejudice, in turn, is to be assessed in the light of three interests that the speedy trial right is designed to protect—to prevent oppressive pretrial incarceration; to minimize anxiety and concern of the accused; and to limit the possibility that the defense will be impaired, this last interest being the most important.

511 F.2d at 501.

\* \* \* \* \* \*

> . . . As to the possibility of impairment of the defense, no absence or loss of witnesses and no substantial showing of loss of witnesses' memories are demonstrated, and we are not persuaded that any significant prejudice occurred. . . . And in these circumstances we decline to apply any rule calling for dismissal based on a reasonable possibility of prejudice, as appellant (Latimer) urges, in addition to his claim of actual prejudice.

511 F.2d at 502.

We held in Latimer's first appeal that an eleven month delay from arrest to trial was not violative of his right to a speedy trial. On that premise, and absent any proof of actual prejudice to Latimer in the present record, we hold that the 5½ month delay in the instant case is not violative of his Sixth Amendment rights. We cannot accept Latimer's contention that "there was no reasonable justification for the additional five and one-half month delay except for the errant inattention of the trial court." It was uncontested that the delay was caused by the court's illness and subsequent relapse and the congested docket. And while unintentional delays are to be considered, they are to be weighed less heavily than intentional delays. *United States v. Latimer, supra.* When we consider the factors of prejudice to the defend-

ant, together with the length of the delay and the reason or reasons therefor, we hold that Latimer was not denied his right to a speedy trial. *Strunk v. United States,* 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Goeltz,* 513 F.2d 193 (10th Cir. 1975), *cert. denied* 423 U.S. 830, 96 S.Ct. 51, 46 L.Ed.2d 48 (1975).

## II.

■ Latimer argues that the court erred in conducting cross-examination of one of his key witnesses and thus becoming an advocate for the prosecution resulting in denial of his right to due process of law. Latimer alleged, *inter alia* :

In the instant case Judge Ritter became the Assistant United States Attorney for all intents and purposes in his cross-examination of Mrs. Overman. His questions attacked the basis of her identification and were in part in the nature of impeachment. It is clear from a reading of his examination that he was not an impartial jurist asking question for clarification or elucidation but that rather he felt the Assistant United States Attorney was not attacking the witness as he felt should be done under the circumstances.

Latimer acknowledges that the court may interrogate witnesses under Fed.Rules Evid. Rule 614(b), 28 U.S.C.A., but he contends that here the court exceeded proper bounds and became an advocate for the Government. We hold that the court did not err. The court did not serve as an advocate for the Government in properly and dutifully interrogating Latimer's witness.

■ Trial courts have the right to participate in questioning witnesses and may otherwise attempt to seek out the truth. *United States v. Articles of Device, Etc.,* 481 F.2d 434 (10th Cir. 1973); *United States v. Wheeler,* 444 F.2d 385 (10th Cir. 1971); *Ayash v. United States,* 352 F.2d 1009 (10th Cir. 1965). We observed in *United States v. Wheeler, supra.*

The trial judge is allowed to participate in a trial and ask questions of witnesses in order to ascertain the facts. He cannot show hostility toward one side or become an advocate for one side. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *McBride v. United States,* 409 F.2d 1046 (10th Cir. 1969), cert. denied 396 U.S. 938, 90 S.Ct. 282, 24 L.Ed.2d 240 (1969); *Maguire v. United States,* 358 F.2d 442 (10th Cir. 1966), cert. denied *Giles v. United States,* 385 U.S. 870, 87 S.Ct. 138, 17 L.Ed.2d 97 (1966). The record here reveals that the judge's question to the witness was for the sole purpose of clarifying the facts. The question was within the realm of the judge's discretion. It did not prejudice the rights of the accused. It was a leading question asked to clarify a point important in the search for truth. The trial court may ask a leading question. *Riley v. Goodman,* 315 F.2d 232 (3rd Cir. 1963). Since Wheeler failed to object to the question on "hustling" before the trial court, it cannot be raised on appeal unless it is plain error. *Warden v. United States,* 391 F.2d 747 (10th Cir. 1968); *Nutt v. United States,* 335 F.2d 817 (10th Cir. 1964), cert. denied 379 U.S. 909, 85 S.Ct. 203, 13 L.Ed.2d 180 (1964); *Moreland v. United States,* 270 F.2d 887 (10th Cir. 1959); Rule 30, 52(b) F.R.Cr.P., Title 18, U.S.C.A.

444 F.2d, at 390.

The record reflects that had the court not pursued its interrogation, the search for truth may not have been served. The interrogation of Latimer's witness by the court followed the Government's case in chief during which two eye witnesses to the crime positively identified Latimer and a third witness testified about chasing a man out of the bank who thereafter fled in a car which was established to be Latimer's. The interrogation was unquestionably prompted by the obvious inconsistencies in the testimony elicited from Latimer's witness coupled with the glaring inconsistencies between the eye-witness testimony by the

Government witnesses and the testimony by Latimer's witness.

■ We have reviewed the court's questioning of Latimer's witness. We hold that no plain error affecting the substantial rights of Latimer is evidenced. *United States v. Davis,* 442 F.2d 72 (10th Cir. 1971). Furthermore, because Latimer failed to object to the challenged questioning at trial, and in light of our holding that it did not in any event give rise to clear error, it cannot be considered for the first time on appeal. *Chavez v. New Mexico,* 456 F.2d 1072 (10th Cir. 1972); Fed.Rules Evid. Rule 103(a)(1), 28 U.S.C.A.

### III.

■ Latimer alleges that the court erred in not affording him or his counsel the right of allocution before sentencing and that the cause should be remanded for sentencing before another judge. The Government confesses error in the court's failure to afford Latimer or his counsel allocution or to speak in mitigation of his sentence in accordance with Fed.Rules Crim.Proc. 32(a), 18 U.S.C.A. We agree. Rule 32(a), *supra,* provides in part:

> *Imposition of Sentence.* Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

The rule was not complied with. Remand is required for resentencing. In *United States v. Gardner,* 480 F.2d 929 (10th Cir. 1973), cert. denied 414 U.S. 977, 94 S.Ct. 297, 38 L.Ed.2d 220 (1973), we stated:

> Gardner lastly asserts error in the failure of the trial court to permit him allocution or to speak in mitigation of his sentence in accordance with the provisions of F.R.Crim.P. Rule 32(a). The record of that hearing shows the trial court, after receiving the verbal presentence report from the probation officer, imposed a sentence of twenty years' imprisonment. There is no indication in the record that the trial court afforded Gardner the opportunity to speak prior to sentence. The transcript of the sentencing hearing does reflect that Gardner's counsel was given an opportunity by the trial judge to speak on behalf of his client immediately prior to sentencing. In the language and mandate of Rule 32(a)1, the trial judge did not ". . . address the defendant personally and ask him if he wishe[d] to make a statement in his own behalf and to present any information in mitigation of punishment." The failure to follow the formal requirements of the rule is not of itself an error that can be raised by collateral attack. However, the failure to follow the terms of the rule is cognizable on direct appeal, and such failure by the trial court is error. The government confesses this error in the sentencing procedure, and in its brief concedes the case should be remanded for resentencing. (Footnotes omitted.)

480 F.2d, at 932.

### IV.

■ Latimer contends that the court erred in imposing a more severe sentence on retrial following his successful appeal from conviction at the first trial. He further states that the court erred in not crediting him with time he had previously served. The Government has confessed error as to both of these contentions, in recognition of the mandates of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The Court there held that (1) an imposition of a more severe sentence is improper without a showing in the record of reasons justifying it, and (2) credit must be allowed for time served. To be sure, we have upheld the imposition of a larger, more severe sentence upon retrial. *United States v. Kienlen,* 415 F.2d 557 (10th Cir. 1969). Such may be meted out only if the facts and circumstances on retrial justify it. The record before us does not, on its face, justify the imposition of the more severe sentence imposed. That is not to say, how-

ever, that the trial court is barred from imposing a more severe sentence upon remand. The court is empowered to do so if the record reflects reasons justifying it.

The conviction of Latimer is affirmed in all respects. The case, however, is remanded for the sole purpose of resentencing in accordance with Rule 32(a), *supra,* and *North Carolina v. Pearce, supra.*