## BENJAMIN FRANKLIN DISHMAN *v.* STATE OF MARYLAND

[No. 699, September Term, 1979.]

*Decided April 10, 1980.*

The cause was submitted on briefs to MORTON, MELVIN and LISS, JJ.

Submitted by *Gerald A. Kroop* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Bonnie A. Travieso, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *John Prevas, Assistant State's Attorney for Baltimore City,* for appellee.

MELVIN, J., delivered the opinion of the Court.

On December 11, 1978, pursuant to a plea bargain with the State's Attorney's Office of Baltimore City, the

appellant, Benjamin Franklin Dishman, entered guilty pleas to two counts of larceny and two counts of receiving stolen goods contained in four separate criminal informations filed against him. In return for the guilty pleas, the State agreed to recommend a total sentence not to exceed ten years. After verdicts of guilty were rendered by the Criminal Court of Baltimore, sentence was deferred pending a pre-sentence report.

At the subsequent sentencing hearing, defense counsel asked the court if he could "address the Court in mitigation at this time concerning the sentence." Upon receiving an affirmative response, defense counsel addressed the court at length on appellant's behalf. In addition, defense counsel called appellant's employer to testify in his behalf. Defense counsel then again addressed the court urging that a ten year sentence be imposed but that all but 18 months be suspended and the appellant be permitted to serve the 18 months at the Baltimore City Jail so that he could be put on the "work release program."

After stating that he was taking into consideration "everything" defense counsel had said, the employer's testimony, the pre-sentence report, and the appellant's "extensive history with the judicial system," the judge imposed a total sentence of ten years, "three years of which is to be served and seven years of which is suspended, and he will be on probation to the Department of Parole and Probation for a period of five years." Court costs were suspended. Defense counsel thanked the judge and said, "I think it is an effort by the Court to find some medium ground that will balance out." At counsel's further urging, the judge announced that it would "recommend" that the appellant serve the three years at the Baltimore City Jail. The proceedings were concluded with counsel's advice to the appellant concerning his right to appeal to the Court of Special Appeals, his right to petition the sentencing judge within 90 days for reconsideration or modification of the sentence, and his right to sentence review by a three-judge panel.

The appellant did not seek reconsideration or modification of his sentence by the sentencing judge. Nor did he seek a three-judge sentence review. He did, however, enter a timely appeal to this Court in which his sole complaint is that "the trial judge failed to provide the appellant his right to allocution pursuant to Maryland Rule 772 [(d)]."

Maryland Rule 772 d became effective July 1, 1977 and provides as follows:

"d. *Allocution.*

Before imposing sentence the court shall inform the defendant that he has the right, personally *and* through counsel, to make a statement and to present information in mitigation of punishment, and the court shall afford an opportunity to exercise this right." (Emphasis added).

Former Rule 761 a provided:

"Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall afford an accused *or* his counsel an opportunity to make a statement and to present information in mitigation of punishment." (Emphasis added).

It can thus be seen that whereas the former Rule seemed to permit the court to allow but one exercise of the right of allocution — either by the defendant *or* his counsel, the current Rule clearly requires that *both* have the opportunity to make a statement and present mitigating evidence. The word "and" has replaced the word "or" in this regard. Of particular relevance here, the new Rule also requires not only an opportunity for allocution but *that the court inform the defendant that he has that right.*

In *Green v. United States,* 365 U.S. 301, 81 S. Ct. 653 (1961), *rehearing denied,* 365 U.S. 890, 81 S. Ct. 1024 (1961), the Supreme Court discussed Rule 32(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. At that time the Federal Rule, in pertinent part, provided:

"Before imposing sentence the court shall afford

the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

Speaking for eight of the nine justices on the point, Mr. Justice Frankfurter rejected the Government's contention that merely affording defendant's counsel the opportunity to speak in mitigation of punishment satisfies the mandates of the Rule. The Court said, at 365 U.S. 304, 81 S. Ct. 655:

"The design of Rule 32(a) did not begin with its promulgation; its legal provenance was the common-law right of allocution. As early as 1689, it was recognized that the court's failure to ask the defendant if he had anything to say before sentence was imposed required reversal. See Anonymous, 3 Mod. 265, 266, 87 Eng. Repl. 175 (K.B.). *Taken in the context of its history, there can be little doubt that the drafters of Rule 32(a) intended that the defendant be personally afforded the opportunity to speak before imposition of sentence.* We are not unmindful of the relevant major changes that have evolved in criminal procedure since the seventeenth century — the sharp decrease in the number of crimes which were punishable by death, the right of the defendant to testify on his own behalf, and the right to counsel. But we see no reason why a procedural rule should be limited to the circumstances under which it arose if reasons for the right it protects remain. None of these modern innovations lessens the need for the defendant, *personally,* to have the opportunity to present to the court his plea in mitigation. *The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.* We are buttressed in this conclusion by the fact that the Rule explicitly affords the defendant two rights: 'to make a statement in his own behalf,' and 'to present any information in mitigation of punishment.' *We*

*therefore reject the Government's contention that merely affording defendant's counsel the opportunity to speak fulfills the dual role of Rule 32(a).* See Taylor v. United States, 9 Cir., 1960, 285 F.2d 703. (Emphasis added).

... [T]o avoid litigation arising out of ambiguous records in order to determine whether the trial judge did address himself to the defendant personally, we think that the problem should be, as it readily can be, taken out of the realm of controversy. This is easily accomplished. Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. *Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."* (Emphasis added).

In *Hill v. United States,* 368 U.S. 424, 82 S. Ct. 468 (1962) the Supreme Court reaffirmed its view that Federal Rule 32 (a) "requires a district judge before imposing sentence to afford every convicted defendant an opportunity *personally* to speak in his own behalf. There thus remains no doubt as to what the Rule commands." (Emphasis added).

Following the *Green* and *Hill* decisions the Federal Rule was amended in 1966 to write into the Rule the holdings of those two cases.[1] The present Maryland Rule and Federal Rule are now substantially the same. Each rule requires the sentencing judge, before imposing sentence, *to address the defendant personally* to inform him of his right to speak in his own behalf and present information in mitigation of punishment.

---

[1] *See* Notes of Advisory Committee on Rules, pertaining to the 1966 amendment. Federal Rule 32 (a) now provides:

"Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment. The attorney for the government shall have an equivalent opportunity to speak to the court."

At least since *Green,* the Supreme Court and the lower Federal courts have concluded that where a violation of Rule 32 (a) is found to have occurred, the proper course of action is to vacate the sentence and remand the case for resentencing. *See Van Hook v. United States,* 365 U.S. 609 (1961); *U.S. v. Latimer,* 548 F.2d 311 (10th Cir. 1977); *United States v. Van Drunen,* 501 F.2d 1393 (7th Cir. 1974), *cert. den.,* 419 U.S. 1091; *United States v. Gardner,* 480 F.2d 929 (10th Cir. 1973), *cert. den.,* 414 U.S. 977; *United States v. Eads,* 480 F.2d 131 (5th Cir. 1973).[2]

We have no doubt that Maryland Rule 772 d is patterned in large part after current Federal Rule 32 (a), and that, in adopting it, the Court of Appeals was cognizant of and intended to apply in this State the concepts and procedures set forth in *Green v. United States.* The Rule is precise and unequivocal in that regard. It directs exactly what Mr. Justice Frankfurter suggested in *Green,* and we can find no compelling reason not to enforce it in the same way that the Federal Rule is enforced.

Quite apart from the Federal analogy, however, we note that the new requirement imposed upon the court — to advise the defendant personally of his right of allocution — is couched in the same mandatory language, and is of similar purpose, as Maryland Rules 731 and 735 d, pertaining respectively to the acceptance of guilty pleas and the waiver of a jury trial. It sets forth a procedure designed to protect an underlying right (albeit the right of allocution is a common law right and not a constitutional right. *See Hill v. United States, supra*) to assure that any waiver of it is a knowing and voluntary one. Such a requirement, though not mandating any particular litany, is nevertheless one of those "precise rubrics" intended to be more than merely a helpful guideline. It is meant to be followed in the same

---

**2.** *Compare* United States v. Scallion, 533 F.2d 903 (5th Cir. 1976); United States v. Core, 532 F.2d 40 (7th Cir. 1976); United States v. Cardall, 550 F.2d 604 (10th Cir. 1976). In these cases, the Courts concluded either that the requirements of Rule 32(a) were not applicable or that there had been no violation of them. Except possibly for *Scallion,* which we are at a loss to explain in light of *Green,* the factual situation in those cases was quite different from what is before us, and we do not, therefore, regard those cases as apposite here.

manner as Rules 731 c and 735 d. *See Countess v. State,* 286 Md. 444 (1979); *Priet v. State,* 45 Md. App. 1 (1980).

The Rule was not obeyed in this case. It is incumbent upon the court not only to follow the Rule, but to make certain that the record clearly reflects that it has done so. Trial judges, in the words of Mr. Justice Frankfurter, should "unambiguously address themselves to the defendant" and "leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." The appropriate remedy for noncompliance with this requirement is to vacate the sentences improperly imposed and remand the case for resentencing.[3]

The State argues that when counsel allocutes on defendant's behalf before sentence is pronounced, "it can be assumed that counsel also is aware of the defendant's right to allocute individually, that he has informed defendant of that right, and that defendant has waived his right of allocution." We are not so persuaded. If such assumptions could be made there would of course be no reason for the Rule. Nor are we persuaded by the State's further argument that in view of defense counsel's "eloquent address" to the sentencing judge, the failure to follow the Rule is "harmless error" — for as said by Mr. Justice Frankfurter, "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Green v. United States, supra.*

> *Conviction affirmed; sentence vacated; case remanded for resentencing pursuant to Maryland Rule 772 d.*
> *Costs to be paid by Mayor and City Council of Baltimore.*

---

**3.** *See* Wright v. State, 24 Md. App. 309, 316, 330 A.2d 482 (1975) and Brown v. State, 11 Md. App. 27, 31-32, 272 A.2d 659 (1971), where we held that former allocution Rule 761 a was also mandatory and, when not followed, the proper remedy in the appellate court is to "remand the case for resentencing with the proper formalities."