# IN RE: VIRGIL M.

[No. 48, September Term, 1980.]

*Decided October 14, 1980.*

The cause was submitted on briefs to MASON, LISS and WILNER, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and

*Victoria A. Salner Keating, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Bonnie A. Travieso, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Eric E. Wright, Assistant State's Attorney for Montgomery County,* for appellee.

LISS, J., delivered the opinion of the Court.

As a result of an adjudication hearing held on December 3, 1979, in the District Court of Maryland for Montgomery County sitting as a Juvenile Court, Virgil M., the appellant, a seventeen year old boy, was found to be delinquent because of an assault committed upon his mother. At a subsequent disposition hearing held in the same court on January 3, 1980, the appellant was committed to the custody of the Secretary of Health and Mental Hygiene and placed under the supervision of the Juvenile Services Administration.

On appeal, the appellant contends:

1. That the evidence was insufficient to sustain the Juvenile Court's finding of delinquency;
2. That the court failed to comply with the provisions of Maryland Rule 915 b; and
3. That appellant was denied the right of allocution at the disposition hearing.

1.

Maryland Code (1980) Section 3-801 (k) of the Courts and Judicial Proceedings Article defines "delinquent act" as "an act which would be a crime if committed by an adult." Subsection (1) defines a "delinquent child" as "a child who has committed a delinquent act and requires guidance, treatment or rehabilitation." At the adjudication hearing, the Juvenile Court judge had before him testimony: that Virgil came into the bedroom of his mother and performed a "karate kick" which landed in close proximity to her face;

that after being admonished by his mother to discontinue such behavior, Virgil "grabbed" her by her forearms, "squeezed with all he had and started pushing [her] around"; and that the mother was "very frightened and very scared" but was not injured.

If believed by the court, there was sufficient evidence from which the judge could and did find beyond a reasonable doubt that the child had committed an assault and battery upon his mother, which act if committed by an adult would have amounted to the commission of a crime. *See Aye v. State,* 17 Md. App. 32, 299 A.2d 513 (1973).

We, therefore, find no merit in the contention that the evidence was insufficient to sustain the lower court's finding of a delinquent act.

## 2.

Maryland Rule 915 b provides, in pertinent part, as follows:

> The disposition made by the court shall be in accordance with Section 3-820 (b) of the Courts Article. If the disposition hearing is conducted by a judge, and his order includes placement of the child outside the home, the judge shall announce in open court and on the record or shall prepare and file with the clerk, a brief statement of the reasons why that placement is necessary.

Rule 915 b is mandatory. *In re Appeal No. 1327, Term 1975,* 32 Md. App. 478, 361 A.2d 156 (1976). It refers to Section 3-820 of the Courts Article and indicates that among the reasons upon which the judge must base his determination as to the placement of a child are the best interests of the child and the feasibility of programs which allow the child to remain at home.

The State concedes that the juvenile judge did not comply with the mandatory requirements of the rule and that this case should, therefore, be remanded so that the necessary statement may be filed by the judge.

Appellant's third issue is novel and, so far as we can determine, has never been decided in the Maryland Courts. Maryland Rule 772 d [1] mandates the right of allocution for a criminal defendant who has been convicted of a crime and requires that the defendant be advised by the court of his right to make a statement. In interpreting this rule, we had before us *Dishman v. State,* 45 Md. App. 236, 413 A.2d 565 (1980), in which a convicted defendant contended that he was denied his right of allocution prior to disposition of his case. It was conceded that his counsel had argued to the court below in mitigation of the offense committed.

In the present case, the State contends:

> At the disposition hearing below, Appellant's counsel was afforded ample opportunity to speak in mitigation of sentence. A review of the transcript of the hearing reveals that there was no denial of Appellant's right of due process because Appellant's counsel was given a full opportunity to allocute prior to the determination of the court.

However, we pointed out in *Dishman* that the right of allocution is a common law right and that the court was required — even before the adoption of the rule — to address the defendant personally and inform him of his right to speak on his own behalf if he so desires. *See Hill v. United States,* 368 U.S. 424, 82 S. Ct. 468 (1962); *Green v. United States,* 365 U.S. 301, 81 S. Ct. 653 (1961).

Further, we do not find a waiver of the right of allocution when counsel spoke on behalf of his client. We agree with Mr. Justice Frankfurter's statement in *Green,* which we quoted with approval in *Dishman, supra,* at 242: "[T]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."

Rule 772 d does not specifically apply to juvenile offenders,

---

1. d. Allocution — Before imposing sentence the court shall inform the defendant that he has the right, personally and through counsel, to make a statement and to present information in mitigation of punishment, and the court shall afford an opportunity to exercise this right.

nor is there a similar provision for the protection of these offenders in the Juvenile Causes Act. Nevertheless, we think *In re Gault,* 387 U.S. 1, 87 S. Ct. 1428 (1967), is controlling in this case. In discussing a juvenile court adjudication of delinquency in that landmark case, the Supreme Court, quoting from *Kent v. United States,* 383 U.S. 541, 562, 86 S. Ct. 1045 (1966), said: "We do not mean ... to indicate that the hearing to be held [in a juvenile waiver proceeding] must conform with all the requirements of a criminal trial or even the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment." 387 U.S. at 30. The Supreme Court went on to state, in *Gault,* that the due process requirements in *Kent* are equally applicable "in connection with a juvenile court adjudication of 'delinquency'." 387 U.S. at 30-31.

Necessarily, the same rule must be applied in the present case which also involves a juvenile court hearing to determine the delinquency of a juvenile. We agree that a juvenile committed to a State facility suffers a deprivation of liberty and is entitled to constitutional protections. Given the solicitous regard of the law for the welfare of juvenile offenders, there is no rational basis for suggesting a lesser standard for the protection of the right of allocution of juveniles.

If, as we have said, the trial judge is required to address an adult offender personally to advise him of his right in order to guarantee that the right of allocution is not involuntarily or unknowingly waived, then the same care must be observed with respect to the juvenile's right of allocution.

We have carefully read the record, which reveals that at the end of the proceedings the Assistant State's Attorney said: "One person I'd like to hear from ... is Virgil." The court responded, "Well he has counsel. I mean that's up to he [sic] and his attorney, if he wants to say anything or not." Immediately thereafter, the court asked the Assistant State's Attorney if she had any additional comments and then proceeded to disposition. This colloquy was insufficient

to establish that the court had personally advised the appellant of his right of allocution and that he had knowingly and voluntarily waived that right. *See Brown v. State,* 11 Md. App. 27, 272 A.2d 659 (1971).

We here hold that a juvenile found to be delinquent is entitled to be personally advised by the court of his right of allocution to the same extent as an adult offender under Rule 772 d, and that a waiver of that right must affirmatively appear in the record. As we have concluded that the Juvenile Court judge erred in failing to comply with the provisions of Rule 915 b and Rule 772 d, we shall vacate the disposition order in this case and remand to the District Court sitting as a Juvenile Court for a new disposition hearing.

> *Disposition order vacated.*
> *Remanded for further proceedings*
>   *not inconsistent with this opinion.*
> *Costs not to be reallocated.*
> *Md. Rule 1082 f.*