# NORMAN E. SELLMAN *v.* STATE OF MARYLAND

[No. 544, September Term, 1980.]

*Decided January 8, 1981.*

The cause was submitted on briefs to COUCH, MACDANIEL and WEANT, JJ.

Submitted by *Alan H. Murrell, Public Defender* and *Geraldine K. Sweeney, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Maureen O'Ferrall, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *Frank Weathersbee, Assistant State's Attorney for Anne Arundel County,* for appellee.

WEANT, J., delivered the opinion of the Court.

On 29 March 1978, in the Circuit Court for Anne Arundel County, the appellant Norman E. Sellman pleaded guilty to, and was thereafter convicted of, separate counts of burglary and larceny. On 10 May 1978, he was committed to the custody of the Division of Correction for a period of ten years for the burglary conviction, as well as for a consecutive eighteen month term for the larceny conviction. These sentences were suspended in favor of five years supervised probation, the conditions of which included completion by Mr. Sellman of the X-Cell Program and his making restitution in the amount of One Thousand, Seventy-nine Dollars ($1,079.00). No appeal was taken from these judgments of the Circuit Court for Anne Arundel County.

On 3 March 1980, a petition charging Mr. Sellman with violation of his probation was filed in the Circuit Court for Anne Arundel County by the Division of Parole and Probation. The petition alleged *inter alia* that the appellant had violated his probation by leaving the X-Cell Program before he had completed it. At a hearing before the court on 11 April 1980, the appellant's probation was revoked and the original sentences reimposed.

Having noted a timely appeal from the judgment of 11 April 1980, Mr. Sellman asks this Court to answer the following questions affirmatively:

> 1. Did the trial judge err in reimposing the original sentence[s] on finding that Appellant had violated the conditions of his probation, without considering the statutory alternative of imposing . . . lesser sentence[s]?
>
> 2. Did the trial judge err in failing to afford Appellant his right of allocution prior to sentencing?

Inasmuch as this case is being reversed on the basis of the appellant's second contention, we need not and do not address the first issue.

At the probation revocation proceeding in the trial court, Mr. Sellman testified on his own behalf. When he later, i.e.,

after all the evidence had been introduced and after his counsel had been heard, but before a decision had been rendered, inquired of the trial judge whether he could say something, the court foreclosed the making of any statement by the appellant by saying: "Enter a finding of guilty. Strike the Probation, reinstitute the sentence. Alright Mr. Sheriff."

Section d of rule 772 of the Maryland Rules of Procedure provides: "Before imposing sentence the court shall inform the defendant that he has the right, personally and through counsel, to make a statement and to present information in mitigation of punishment, and the court shall afford an opportunity to exercise this right." In *Dishman v. State,* 45 Md. App. 236, 413 A.2d 565 (1980), this Court had occasion to discuss the rights which obtain under this rule. In so doing, Judge Melvin, speaking for this Court, stated at page 242, 413 A.2d at 568:

> It is incumbent upon the court not only to follow the Rule, but to make certain that the record clearly reflects that it has done so. Trial judges, in the words of Mr. Justice Frankfurter, should "unambiguously address themselves to the defendant" and "leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." [*Green v. United States,* 365 U. S. 301, 305, 81 S. Ct. 653, 655, 5 L. Ed. 2d 670, 674 (1961)]. The appropriate remedy for noncompliance with this requirement is to vacate the sentences improperly imposed and remand the case for resentencing.[3]

---

[3] *See* Wright v. State, 24 Md. App. 309, 316, 330 A.2d 482 (1975) and Brown v. State, 11 Md. App. 27, 31-32, 272 A.2d 659 (1971), where we held that former allocution Rule 761 a was also mandatory and, when not followed, the proper remedy in the appellate court is to "remand the case for resentencing with the proper formalities."

Inasmuch as Maryland Annotated Code article 27, section 642 permits the court to lessen a sentence upon its reimposition, we do not agree with the State's contention that allocution at a probation revocation hearing is a mere

matter of form without substance. Therefore, in the instant case we will, pursuant to the principles set out in *Dishman,* vacate the reimposed sentences and remand the case for resentencing in accordance with this opinion.

> *Revocation of probation affirmed.*
> *Sentences vacated and case remanded for resentencing in accordance with this opinion.*
> *One-half costs to be paid by the appellant.*
> *One-half costs not reallocated pursuant to Maryland Rule 1082f.*