By _____
(Deputy Clerk)

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

COMMONWEALTH OF THE NORTHERN ) DCA NO. 83-9012
MARIANA ISLANDS, ) CTC NO. 83-78
)
      Plaintiff/Appellee, )
)
           vs. ) OPINION
)
FERNANDO T. RIVERA, )
)
      Defendant/Appellant. )
)

Attorney for Appellant:  Reynaldo O. Yana
                             P. O. Box 52
                             Saipan, CM  96950

Attorneys for Appellee:  Rexford C. Kosack
                             Attorney General
                             Steven R. Andrade
                             Assistant Attorney General
                             5th Floor, Nauru Building
                             Saipan, CM  96950

BEFORE:  LAURETA, WEIGEL and DUENAS, District Judges

LAURETA, District Judge:

      The defendant Fernando Rivera was convicted of assault and battery with a dangerous weapon under 11 Trust Territory Code (TTC) § 204. Rivera now appeals this conviction raising the following issues:

          1.    Whether the evidence supports the trial court's finding that a dangerous weapon was used.

AO 72
(Rev 8/82)

2. Whether the evidence supports the conviction.

3. Whether the conviction was the result of the bias and prejudice of the trial judge.

### 1. Dangerous Weapon

A dangerous weapon has been defined by the High Court of the Trust Territory of the Pacific Islands as an instrument which is likely to cause death or great bodily harm when used in the manner in which it was used in the particular case. Ngiraibai v. Trust Territory, 2 Trust Territory Reports (T.T.R.) 522 (1964); Paul v. Trust Territory, 2 T.T.R. 603 (App.Div. 1969). Rivera contends that the evidence does not support the trial court's finding that the weapon used was sufficiently dangerous to sustain a conviction under § 204.

Of course, the appellate division must review the evidence, taking into account reasonable inferences which may be drawn from it, in a light most favorable to the government; findings will not be reversed unless clearly erroneous. United States v. Hudson, 609 F.2d 1326 (9th Cir. 1979). The test on appeal is whether any rational trier of fact, viewing the evidence as noted above, could have found the essential elements beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). Rivera's main contention is that there was some conflict in the evidence as to the nature of the weapon. There is testimony by the victim, Juan Diaz, that the weapon was a "samurai knife" or

"military knife" about 2 feet in length with a sharp blade (Reporter's Transcript at 14); Diaz testified that Rivera "poked" the weapon at him saying he was going to kill him. Id. The determination whether an object constitutes a 'dangerous weapon' turns not on the object's latent capability alone, but also on the manner in which the object was used, United States v. Guilbert, 692 F.2d 1340, 1343 (11th Cir. 1982), cert. denied, 460 U.S. 1016 (1983)(pool cue is dangerous weapon when defendant assaulted victim with it while shouting death threats). Here, Diaz' recollection of the weapon is supported by the testimony of other witnesses and by evidence of cuts he received. There is sufficient evidence to support the judge's conclusion.

2. Sufficiency of the Evidence

Rivera contends that the evidence of the assault is based solely on the testimony of Diaz and lacks credibility. Initially, it should be noted that the prosecution called three eyewitnesses. However, even assuming Rivera's version of the evidence, the conviction will be sustained.

The testimony of a victim, even though impeached will support a conviction unless inherently improbable or physically impossible. In Re Terry S., 121 Cal.App.3d 87, 174 Cal.Rptr. 54 (1981). The defendant who challenges the conviction solely on sufficiency of the evidence bears a heavy burden of proof. United States v. De Fiore, 720 F.2d 757 (2nd Cir. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1684 (1984). Diaz testified consistently to the events leading to the assault and to Rivera's

threats and use of the weapon. The testimony contains no physical impossibility of truth nor is it inherently incredible; moreover, the account is corroborated by two other witnesses. There is sufficient evidence to sustain the conviction.

### 3. Bias and Prejudice

Rivera makes general allegations of bias and prejudice on the part of the trial judge. Where there is no challenge below to the impartiality of the trial judge, the allegation will not be considered on appeal absent plain error. United States v. Latimer, 548 F.2d 311 (9th Cir. 1977). Rivera's assertions are meritless.

### 4. Conclusion

Rivera's conviction is affirmed.

_____
JUDGE ALFRED LAURETA

_____
JUDGE STANLEY A. WEIGEL

_____
JUDGE CRISTOBAL C. DUENAS