### State v. Santiago
*[Cite as 8 AOA 314]*

*Case No. 90 CA 63*
*Mahoning County, (7th)*
*Decided December 6, 1990*

*James A. Philomena, Prosecuting Attorney and Kathi McNabb Welsh, Asst. Prosecuting Attorney, Mahoning County Courthouse, 120 Market Street, Youngstown, Ohio 44503, for Plaintiff-Appellee.*

*John B. Juhasz, 7330 Market Street, Youngstown, Ohio 44512, for Defendant-Appellant.*

O'NEILL, P.J.

The appellant had entered a plea of guilty to a charge of felonious assault an aggravated felony of the second degree Pursuant to R.C. 2903.11(A)(2)(b). After acceptance of the plea, the trial court ordered a presentence investigation and continued the matter for the purpose of sentencing.

The victim of the felonious assault appeared before the trial judge at the hearing which was conducted for the purpose of sentencing. She was permitted to address the court and stated as follows:

"My name is Nellie Hernandez. Your Honor, Mary Ann Santiago has continued to harass my family and me. She has followed me, parked at my house and has done everything to make her threats known to me. The most recent occurrence of this was Monday, April 16, 1990. She has previously been convicted of assaulting me. My family and I cannot continue to live in fear. I urge the Court to impose the maximum sentence because of this. Thank you." (Tr. 3).

The prosecutor then stated to the court:

"Your Honor, at the time the plea was made, Your Honor, I believe the Prosecutor, pursuant to Criminal Rule 11, agreed to recommend a sentence of six to fifteen years and would not object to probation if the P.S.I. was, in fact, favorable; however, if the P.S.I. is unfavorable, we agreed to remain silent." (Tr. 3-4).

The trial judge then proceeded to read a portion of the P.S. I. to the parties:

"***It is respectfully recommended that the Defendant be sentenced as prescribed by law, said sentence suspended, and the Defendant placed on probation for a period of time deemed appropriate by the Court. You had a lady right up here that said as late as this week this wouldn't work.

"Should the Court adopt the recommendation of probation, it is further recommended that the Court order the Defendant to have no direct. or indirect contact with the victims. I guess there is supposed to be in there paying the victim restitution and continued participation in mental health treatment. The sentence of the Court is the maximum of eight --" (Tr. 5).

The court then went on to state "-- minimum of eight, maximum of fifteen years." (Tr. 6). Counsel for the appellant then stated to the court that he wondered if he might have a chance to address the court. To this the court responded that he guessed he was getting ahead of himself. Counsel then went on to explain to the court that the appellant's version of her relationship with the victim was "*** quite frankly, is very much different from Nellie Hernandez" (Tr. 7). To that the court responded "I bet it is" (Tr. 7). Counsel for the appellant then stated to the court that Nellie Hernandez was married to the father of the appellant's child and that a lot of the altercations between the appellant and Nellie Hernandez had taken place over visitation disputes between the father of the child and the appellant. Appellant's counsel went on to state to the trial judge that there were witnesses present in the courtroom to speak against the statement which had been made by Nellie Hernandez. The trial judge concluded the hearing by stating:

"*** I, not being Solomon, have decided that there is only one thing to do with this, and that is to sentence this woman; and you're sentenced, Miss Santiago, to a minimum of eight to a maximum of fifteen years at Marysville, and we will see at the appropriate time whether you ought to be brought back on shock probation. That is all." (Tr. 10).

At no point in the proceedings did the trial judge personally address the defendant-appellant and asked her if she wished to make a statement in her own behalf or if she wished to present any evidence in mitigation of punishment or furnish the court with any reason why judgment should not be pronounced against her. A timely notice of appeal was filed.

The first assignment of error contends that the trial court abused its discretion by not taking into consideration the statutory mitigating factors under R.C. 2929.12.

Subdivision (A) of the statute Provides several factors that the court should take into consideration and reads as follows:

"(A) In determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed, the court shall consider the risk that the offender will commit another crime and the need for protecting the public from the risk; the nature and circumstances of the offense; the victim impact statement prepared pursuant to section 2947.051 of the Revised Code, if a victim impact statement is required by that victim; and the history, character, and condition of the offender and his need for correctional or rehabilitative treatment."

This appellant had pleaded guilty to a charge of felonious assault. Certainly, an offense, which by nature and circumstance, is not to be considered lightly.

Subdivision (B) of R.C. 2929.12 contains the three factors that the court is to consider in favor of imposing a longer term of imprisonment:

"(1) The offender is a repeat or dangerous offender;

"(2) Regardless of whether the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the offense;

"(3) The victim of the offense has suffered severe social, psychological, physical, or economic injury as a result of the offense."

It should be easily concluded that a person pleading guilty to felonious assault can be classified as a dangerous offender. The appellant goes on to point out that there are seven (7) factors in subdivision (C) of R.C. 2929.12 that are to be considered by the court in favor of imposing a shorter term of imprisonment, which state:

"(1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;

"(2) The offense was the result of circumstances unlikely to recur;

"(3) The victim of the offense induced or facilitated it;

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

"(5) The offender acted under strong provocation;

"(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;

"(7) The offender is likely to respond quickly to correctional or rehabilitative treatment."

The appellant had pleaded guilty and, thus, admitted that she knowingly caused or attempted to cause physical harm to another by means of a deadly weapon or dangerous ordnance. Certainly, the charge itself would flow against some of the elements which the trial judge was to consider in favor of a minimum term of imprisonment. A trial judge is called upon to exercise discretion in sentencing an offender. This involves a conscientious effort on his part to evaluate all aggravated and mitigating factors before selecting from legislatively authorized choices. If he fails to exercise that discretion, his decision becomes arbitrary and subject to reversal. Upon our review of what was before the trial judge in this case, we cannot conclude that the sentence imposed by him was an abuse of discretion amounting to unconscionability, bias, or prejudice.

Accordingly, this first assignment of error is found I to be without merit.

The second assignment of error complains that the trial court denied the defendant-appellant due process of law by failing to follow sentencing procedures set forth in the law.

As we have previously stated, the trial judge did not address the defendant personally and asked her if she wished to make a statement in her own behalf. Such a failure, on the part of the trial judge, is a violation of Cr. R. 32(A)(1) and R.C. 2947.05. In referring to the statutory regulation, the Court of Appeals for Franklin County, in the case of *Columbus v. Herrell* (1969), 18 Ohio App. 2d 149, held that, pursuant to R.C. 2947.05, "*** that before sentence is pronounced the defendant *must* be informed by the court of the finding of the court and asked whether he has anything to say as to why judgment should not be pronounced against him. This statute imposes a *mandatory duty*, but where the record shows that it was not followed and where this is the only error in the record, the finding of guilt is not reversed but instead the cause is remanded to the trial court for the *sole purpose of resentence*" (p. 153-154).

The third assignment of error contends that the trial court erred by failing to grant the defendant-appellant the right to present rebuttal evidence to the crime victim's statements presented orally at the sentencing hearing.

The victim involved in this case was permitted by the court to make a statement to the court. This statement was allowed pursuant to R.C. 2943.041 which provides that if a criminal charge is resolved without trial through the entry of a nolle prosequi, through the entry of a plea of guilty or no contest, or through any other final disposition, the court shall allow the victim or representative member of the victim's family, if the victim died as a result of the crime, to make a statement to the court relative to the victimization and, if applicable, the sentencing of the offender. At the sentencing hearing, counsel for the defendant-appellant brought out to the attention of the court that there was present, in the courtroom, various witnesses who would rebut the statement made by the victim. The appellant goes on to contend that the denial of this opportunity to rebut amounted to a violation of the due process clause. We do not agree. The statute (R.C. 2943.041) permits the victim or a representative to address the court, but not under oath. The statute does not allow the victim or representative to present any other spokesman such as witnesses to support the victim's statement. There is no provision in the statute whereby the defendant-appellant may call witnesses. However, as we have found in the previous assignment of error, it is mandatory that the defendant-appellant be permitted to address the court. This procedure takes place subsequent to the allowed victim's statement. There is no requirement that this statement be pursuant to oath nor is it allowed by the pertinent statute or criminal rule that this statement can be supported with witnesses or rebutted by witnesses that the victim might bring to court. It is our opinion that this procedure is in balance and not a violation of any constitutional or due process right. In

support of this assignment of error, the appellant refers us to the case of *Gardner v. Florida*, (1977), 430 U.S. 349. The appellant points out that the United States Supreme Court, in that case, held that the due process clause was applicable to the sentencing process and then goes on to state that if due process of law is to be given to the defendant-appellant, she must have an opportunity to deny or explain information presented against her. We have no quarrel with this contention, however, we find a marked difference between the *Gardner* case and the present case. In the *Gardner* case, a death case, a jury returned an advisory verdict finding that there had been mitigating circumstances involved and advised the court to impose a life sentence. However, the trial judge had ordered a presentence investigation report. Coming on for sentencing, the trial judge referred to the contents of this presentence investigation report as being support for his sentence of death to the defendant. It was clearly established that the presentence investigation report contained a confidential portion which was not disclosed to defense counsel. In conclusion, the *Gardner* court ruled:

"We conclude that petitioner was denied due imposed, at least in part, on the basis of process of law when the death sentence was information which he had no opportunity to deny or explain" (p. 362).

We do not find the same circumstances present in this case. If the statutory scheme and the procedure of rules were properly complied with in this case, the defendant would have had an opportunity to respond to the victim's statement which was made a part of the record and made in open court. We do not find any violation of due process herein involved.

The judgment of the trial court is vacated and this cause is remanded to the trial court only for the purpose of resentencing.

DONOFRIO, J., and COX, J., concur.